J-S70037-18

2019 PA Super 26

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOEL BALLANCE | : | |
| | : | |
| Appellant | : | No. 2660 EDA 2017 |

Appeal from the Judgment of Sentence May 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006785-2012,
CP-51-CR-0006787-2012, CP-51-CR-0006788-2012,
CP-51-CR-0006789-2012, CP-51-CR-0006790-2012,
CP-51-CR-0006792-2012, CP-51-CR-0006796-2012,
CP-51-CR-0006797-2012, CP-51-CR-0006798-2012,
CP-51-CR-0006799-2012, CP-51-CR-0006800-2012,
CP-51-CR-0006807-2012, CP-51-CR-0006809-2012

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

OPINION BY GANTMAN, P.J.:                    **FILED FEBRUARY 05, 2019**

Appellant, Joel Ballance, purports to appeal *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, after the court granted in part Appellant's petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546, and restored his right to file a direct appeal.[1]  We hold that the PCRA court had no

_____

[1] Appellant filed a single notice of appeal, although the court entered separate orders at each of 13 relevant docket numbers.  Nevertheless, the single notice of appeal predates the Supreme Court's decision in *Commonwealth v. Walker*, ___ Pa. ___, 185 A.3d 969 (2018) (requiring **prospectively**, separate notices of appeal from individual orders which resolve issues arising at separate trial court docket numbers).  Accordingly, we decline to apply *Walker* to this case.

jurisdiction to reinstate Appellant's direct appeal rights *nunc pro tunc*. Accordingly, we vacate the court's order granting Appellant leave to file a *nunc pro tunc* appeal from the judgment of sentence and dismiss the appeal for lack of jurisdiction.

The relevant facts and procedural history of the case are summarized as follows. In 2012, Appellant was arrested and charged with numerous offenses at various docket numbers. The charges involved a string of burglaries or attempted burglaries with related offenses, in northeast Philadelphia. On March 13, 2014, Appellant entered an open guilty plea to various reduced charges. The court sentenced Appellant to an aggregate term of 10 to 20 years' incarceration on May 21, 2014. Appellant filed a post-sentence motion on June 3, 2014, which was a day late. Nevertheless, the court held a hearing on the motion and denied relief on June 19, 2014. Appellant filed a *pro se* notice of appeal on July 15, 2014. The court appointed counsel who filed an amended notice of appeal on August 1, 2014.

This Court issued a Rule to Show Cause on October 15, 2014, directing Appellant to explain how his appeal should not be quashed as untimely. Counsel responded by letter to this Court on October 24, 2014, that he was recently court-appointed for the appeal, he acknowledged the appeal was procedurally flawed as untimely, and he agreed it must be quashed under the circumstances to allow further proceedings by way of a PCRA petition. Counsel copied his response to all relevant parties including Appellant and advised him

of his rights. By order of November 6, 2014, the matter was referred to the panel of judges assigned to decide the merits of the appeal. Without evidence of any fraud or breakdown in the operations of the court, the panel of judges ultimately quashed the appeal for lack of jurisdiction on September 17, 2015. *See Commonwealth v. Ballance*, 133 A.3d 73 (Pa.Super. 2015) (unpublished memorandum).

On July 21, 2016, Appellant filed a *pro se* PCRA petition to challenge his sentence as illegal and as an abuse of discretion. The court appointed counsel who filed an amended petition on February 19, 2017, requesting reinstatement of Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*. By order filed August 4, 2017, the PCRA court granted Appellant's petition in part, restored only his direct appeal rights, and gave him 14 days to file a notice of appeal. Appellant filed a notice of appeal on August 17, 2017. On August 22, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925; Appellant timely complied on August 23, 2017.

Appellant raises these issues on appeal:

> DID THE [TRIAL] COURT ERR WHEN IT IMPOSED SENTENCES FOR BOTH BURGLARY AND THE CRIME WHICH [APPELLANT] INTENDED TO COMMIT AFTER THE BURGLARIOUS ENTRY IN VIOLATION OF 18 PA.C.S.A. § 3502(D)?

> DID THE [TRIAL] COURT ERR WHEN IT IMPOSED SENTENCES FOR BOTH ATTEMPTED BURGLARY AND THE CRIME WHICH [APPELLANT] INTENDED TO COMMIT AFTER THE BURGLARIOUS ENTRY IN VIOLATION OF 18 PA.C.S.A.

- 3 -

§ 3502(D)?

(Appellant's Brief at 4).

Before we can address the merits of these issues, however, we must determine if the PCRA court had jurisdiction to restore Appellant's rights to a direct appeal such that this appeal is properly before us for review. The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). "[T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition." *Commonwealth v. Laird*, ____ A.3d ____, ____, 2018 PA Super 343 **\*1** (filed December 17, 2018) (citing *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007)). In other words, Pennsylvania law makes clear **no court** has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Further:

> The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. [A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA.

*Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa.Super. 2013) (internal citations omitted). "[I]n circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA." *Commonwealth v. Brown*, 596 Pa. 354, 361, 943 A.2d 264, 268 (2008). The initial untimely filing does not serve to circumvent the clear and unambiguous language of Section 9545(b)(3) and alter the date when the judgment of sentence became final. *Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa.Super. 2000).

Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final; the petitioner must allege and prove at least one of the three timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000). We can raise *sua sponte* the timeliness of a PCRA petition because it is an issue of the court's jurisdiction. *Hutchins, supra*.

Instantly, the trial court sentenced Appellant on May 21, 2014. Appellant filed untimely post-sentence motions, one day late and without request for permission and court-ordered extension of time. Appellant's late-filed post-sentence motion alone did not extend the time for him to file a direct appeal. *See* Pa.R.Crim.P. 720(A) (providing written post-sentence motions shall be filed no later than ten days **after imposition of sentence**; only timely-filed post-sentence motion will toll 30-day appeal period and extend it to 30 days after entry of order deciding timely motion or denying it by operation of law; if post-sentence motion is untimely, notice of appeal must

be filed within 30 days of imposition of sentence); Pa.R.A.P. 903 (stating general rule that appeal must be filed within thirty days).  Notwithstanding the trial court's hearing and denial of Appellant's untimely post-sentence motion on the merits, his motion failed to toll the direct appeal period, because the court did not expressly allow the late post-sentence motion *nunc pro tunc*. ***See Commonwealth v. Dreves***, 839 A.2d 1122 (Pa.Super. 2003) (*en banc)* (stating that absent timely filed post-sentence motion, event triggering appeal run date remains date sentence was imposed; court's resolution on merits of late post-sentence motion does not alone deem late motion as filed *nunc pro tunc*).  Thus, Appellant's late post-sentence motion and hearing did not toll the 30-day direct appeal period, so his notice of appeal from the judgment of sentence was due on or before June 20, 2014.  ***See Ballance, supra***. Therefore, Appellant's judgment of sentence became final for PCRA purposes on June 20, 2014, upon expiration of the time to file a direct appeal.

Appellant, however, filed an untimely notice of appeal *pro se* on July 15, 2014.  The court appointed appellate counsel who filed an amended notice of appeal on August 1, 2014.  During the pendency of the appeal, this Court issued a Rule to Show Cause directing Appellant to explain how his appeal was timely.  Counsel responded by letter to this Court on October 24, 2014, that he was recently court-appointed for the appeal, he acknowledged the appeal was procedurally flawed as untimely, and he agreed it must be quashed under the circumstances to allow further proceedings by way of a PCRA petition.

Counsel copied his response to all relevant parties including Appellant and advised him of his rights. By order of November 6, 2014, this Court referred the matter to the panel of judges assigned to decide the merits of the appeal. Without evidence of any fraud or breakdown in the operations of the court, the panel of judges later quashed the untimely appeal for lack of jurisdiction on September 17, 2015. *See id.*

Appellant was represented on direct appeal by counsel who informed Appellant by letter of October 24, 2014, that the appeal was untimely. To obtain relief under the PCRA, Appellant knew he had to file a PCRA petition. To file a timely PCRA petition, Appellant would have had to withdraw his direct appeal and file the petition on or before June 20, 2015. *See Brown, supra*. Instead, he unsuccessfully pursued his direct appeal, which concluded on September 17, 2015, a few months past his PCRA deadline. To pursue a PCRA petition after the resolution of his direct appeal as untimely filed, Appellant would have had to (a) file the petition within sixty days of this Court's decision on direct appeal **and** (b) plead and prove one of the statutory exceptions to the PCRA time bar. Appellant did not file his petition until July 21, 2016, which rendered it untimely on its face. Appointed PCRA counsel compounded the error by using the date this Court quashed the direct appeal for lack of jurisdiction to calculate the timeliness of the PCRA petition, which was incorrect. *See Laird, supra*. Counsel assumed the petition was timely, and neither the trial court nor the Commonwealth challenged or even addressed

the jurisdictional matter. In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect. *See Hutchins, supra*. The PCRA court's jurisdiction was a threshold requirement, even if Appellant's claim regarding the legality of the sentence was denied review for his failure to raise it in a timely petition. *See Infante, supra*.

Given that his PCRA petition was untimely, Appellant should have but did not plead and prove when he first learned of this Court's decision on his direct appeal and invoke a relevant exception to the statutory time limits. Having failed to satisfy the statutory 60-day rule and assert a valid timeliness exception, Appellant's PCRA petition remained time-barred. *See Gamboa-Taylor, supra*; 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Thus, we hold the PCRA court had no jurisdiction to restore Appellant's direct appeal rights *nunc pro tunc* via the untimely petition. *See Robinson, supra*. Likewise, we have no jurisdiction to entertain the appeal. *See Hutchins, supra*.

For these reasons, we vacate the court's order granting Appellant leave to file a *nunc pro tunc* appeal from the judgment of sentence and dismiss the current appeal for lack of jurisdiction. *See Commonwealth v. Hall*, 565 Pa. 92, 771 A.2d 1232 (2001) (vacating court order granting leave to file appeal *nunc pro tunc* and dismissing appeal filed, where remedy sought was available under PCRA and subject to its requirements on timely filing).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/5/19