J-S28040-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JAMAL ANDRE THOMAS, :
:
Appellant : No. 2053 MDA 2018

Appeal from the Judgment of Sentence Entered August 3, 2010
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):CP-41-CR-0001600-2008

BEFORE:  BOWES, J., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:             **FILED JULY 02, 2019**

Jamal Andre Thomas (Appellant) purports to appeal *nunc pro tunc* from the August 3, 2010 judgment of sentence after the PCRA court granted in part Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and restored his right to file a direct appeal.  Upon review, we vacate the order granting Appellant leave to file an appeal *nunc pro tunc* from the judgment of sentence and dismiss the appeal for lack of jurisdiction.

We provide the following background.  On April 26, 2010, following a one-day trial, a jury found Appellant guilty of two counts of possession with intent to deliver (PWID) (cocaine and marijuana), three counts of possession (marijuana, cocaine, and Xanax), and one count of possession of drug paraphernalia.  On August 3, 2010, Appellant was sentenced to an

_____

* Retired Senior Judge assigned to the Superior Court.

aggregate term of three to six years of incarceration followed by five years of probation. That same day, the trial court granted Appellant bail pending appeal, and ordered that his sentence not take effect until all appeals were exhausted. Sentencing Order, 8/3/2010, at 2 (unnumbered).

Appellant, through counsel, filed a post-sentence motion on August 11, 2010, which the trial court denied on December 27, 2010. Appellant did not file a notice of appeal. As such, his appeals were exhausted upon the expiration of time for seeking appeal following the denial of his post-sentence motion. However, Appellant failed to report to begin serving his sentence.

Many years later, on June 12, 2018, the trial court issued an order directing Appellant to begin serving his sentence. In response, Appellant, through new counsel, filed a PCRA petition averring that he did not learn of the denial of his post-sentence motion or counsel's failure to file a direct appeal until the court's June 12, 2018 order. As such, Appellant claimed that he was denied the effective assistance of counsel and requested that his sentence be discharged because he was denied the right to a speedy trial and due process of law, or, in the alternative, that his appellate rights be reinstated *nunc pro tunc*. PCRA Petition, 6/26/2018, at 5-6.

A hearing was held on November 20, 2018. At the beginning of the hearing, Appellant's counsel notified the court that the Commonwealth agreed to the reinstatement of Appellant's direct appeal rights *nunc pro*

*tunc*.[1]  The PCRA court granted Appellant's petition as to the reinstatement of his direct appeal rights *nunc pro tunc* and denied his petition in all other respects.

This appeal followed.[2]  On appeal, Appellant claims that his sentence for PWID (cocaine) is illegal pursuant to ***Alleyne v. United States***, 570 U.S. 99 (2013) (holding that any fact which increases the mandatory minimum sentence for a crime is an element of that crime, and therefore must be submitted to a jury and proven beyond a reasonable doubt).

Before reaching the merits of Appellant's claim, "we must determine if the PCRA court had jurisdiction to restore Appellant's rights to a direct appeal such that this appeal is properly before us for review." ***Commonwealth v. Ballance***, 203 A.3d 1027, 1030-31 (Pa. Super. 2019) (raising timeliness of PCRA petition to reinstate direct appeal rights *sua sponte* because it is an issue of the court's jurisdiction).

"It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights." ***Commonwealth v. Markowitz***, 32 A.3d 706, 714 (Pa. Super. 2011) (citation omitted).  However, "[s]ince such a claim is cognizable under the PCRA, … the trial court had no residual

---

[1] The Commonwealth noted that there were issues with whether Appellant exercised due diligence, but stated that it was "willing for purposes of right now [to] agree that he exercised due diligence."  N.T., 11/20/2018, at 3.

[2] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

common law or statutory authority to entertain the claim except under the strictures of the PCRA." ***Commonwealth v. Hall***, 771 A.2d 1232, 1236 (Pa. 2001). One requirement of the PCRA is that in order for the PCRA court to have jurisdiction to address the merits of a petition, the petition must be timely filed.

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear **no court** has jurisdiction to hear an untimely PCRA petition.

***Ballance***, 203 A.3d at 1031 (citations and quotation marks omitted; emphasis in original).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). "[T]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the [PCRA]." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citation and quotation marks omitted). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

---

[3] This subsection was recently amended, effective December 24, 2018, to extend the time for filing from 60 days of the date the claim could have been presented to one year. However, this amendment does not apply to

*(Footnote Continued Next Page)*

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, Appellant's sentence became final on January 26, 2011, after the expiration of time for filing a direct appeal. As such, Appellant's June 26, 2018 petition is facially untimely and he was required to plead and prove an exception to the timeliness requirements.

The PCRA outlines three exceptions to the PCRA's timeliness requirements.

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued)* ――――――――――

Appellant's PCRA petition because it was filed prior to the amendment's effective date.

42 Pa.C.S. § 9545(b)(1)(i-iii). Within his petition, Appellant attempted to plead the newly-discovered facts exception based upon Appellant's learning of the denial of his post-sentence motion and counsel's failure to file a direct appeal from the trial court's June 12, 2018 order directing Appellant to comply with his prison sentence. PCRA Petition, 6/26/2018, at 6.[4]

To qualify for the newly-discovered facts exception to the PCRA's time-bar, "a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (some citations omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

Upon review, we find Appellant has not pleaded or proved this exception. Specifically, while Appellant stated in his petition that he filed the petition within 60 days of when he allegedly first learned of the denial of his

_____

[4] Appellant also attempted to plead the governmental interference exception. However, because Appellant does not allege any governmental interference in his petition or on appeal, but rather avers trial counsel failed to notify Appellant of the denial of his post-sentence motion, we do not address this exception. *See Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999) ("With regard to the interference by government officials referred to in [subs]ection 9545(b)(1)(i), we note that the drafters of the 1995 amendments specifically excluded 'defense counsel' from such officials. 42 Pa.C.S. § 9545(b)(4).").

post-sentence motion and counsel's failure to file a direct appeal, Appellant failed to offer any explanation as to "why he could not have obtained" this information "earlier with the exercise of due diligence." *Id.* In fact, Appellant's PCRA petition does not make any assertion that he exercised due diligence in order to satisfy the requirements of the newly-discovered facts exception, much less mention "due diligence." As such, Appellant has failed to plead a timeliness exception.[5]

We note that Appellant was afforded a PCRA hearing, at the beginning of which Appellant's counsel notified the PCRA court that the Commonwealth and Appellant agreed to the reinstatement of Appellant's direct appeal rights *nunc pro tunc*. Thereafter, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc* without requiring Appellant to prove the newly-discovered facts exception or making any finding as to this timeliness exception. This was error.

> In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect. The PCRA court's jurisdiction was a threshold requirement, even if [Ballance's] claim regarding the legality of the sentence was denied review for his failure to raise it in a timely petition.

---

[5] Moreover, even if Appellant had asserted due diligence in his petition, it is apparent from the record that in the over seven years Appellant was on bail pending appeal and not serving his prison sentence, he did not take any steps to learn from his attorney the status of his case. Rather, he blamed his lack of knowledge regarding the newly-discovered facts on his attorney's and the lower court's failure to advise him of the same. *See* PCRA Petition, 6/26/2018, at 4-5. An assertion of due diligence in such a scenario would strain credulity as approximately seven years passed between when the post-sentence motion was denied and the filing of Appellant's petition.

> Given that his PCRA petition was untimely, [Ballance] should have but did not plead and prove when he first learned of this Court's decision on his direct appeal and invoke a relevant exception to the statutory time limits. Having failed to satisfy the statutory 60-day rule and assert a valid timeliness exception, [Ballance's] PCRA petition remained time-barred. Thus, we hold the PCRA court had no jurisdiction to restore [Ballance's] direct appeal rights *nunc pro tunc* via the untimely petition. Likewise, we have no jurisdiction to entertain the appeal.

*Ballance*, 203 A.3d at 1033 (citations omitted).

Here, Appellant failed either to plead or prove that his newly-discovered fact could not have been ascertained by the exercise of due diligence. As such, Appellant failed to establish the newly-discovered facts exception to the PCRA's time bar. Thus, as in *Ballance*, the PCRA court lacked jurisdiction to restore Appellant's direct appeal rights via Appellant's untimely-filed PCRA petition. Consequently, this Court has no jurisdiction to entertain the appeal. *Id.* Accordingly, we vacate the PCRA court's order granting Appellant leave to file an appeal *nunc pro tunc* from the judgment of sentence and dismiss the instant appeal for lack of jurisdiction.

Order vacated. Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2019

- 8 -