J-S25034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY CLARK | : | |
| | : | |
| Appellant | : | No. 74 EDA 2021 |

Appeal from the PCRA Order Entered November 17, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0605321-2002

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 30, 2021**

Anthony Clark (Clark) appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his serial petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546.  After review, we affirm.

We limit our discussion of the facts to those relevant to our disposition. On January 13, 2005, a jury found Clark guilty of, among other offenses, first degree murder.[1]  After being sentenced to life imprisonment on March 16, 2005, Clark did not file any post-sentence motions or a direct appeal. Following the reinstatement of his direct appeal rights *nunc pro tunc*, Clark

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a).

filed a notice of appeal. We affirmed the judgment of sentence in October 2007 and the Pennsylvania Supreme Court denied Clark's petition for allowance of appeal in March 2008. **See Commonwealth v. Clark**, 943 A.2d 310 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 945 A.2d 166 (Pa. 2008). Clark did not seek review in the United States Supreme Court.

Clark filed his first PCRA petition in August 2008, raising claims of ineffective assistance of counsel. Counsel was appointed and sought to withdraw from representation by filing a no-merit letter. In September 2010, the PCRA court dismissed the petition and granted counsel's request to withdraw. Clark appealed *pro se* but failed to file a brief, resulting in this Court dismissing his appeal. **See** Order, 9/22/11, at docket no. 2873 EDA 2010.

In April 2016, Clark filed his second PCRA petition, this time claiming that he was serving an illegal sentence. After issuing notice of its intent to dismiss without hearing under Pa.R.Crim.P. 907, the PCRA court formally dismissed Clark's petition as being untimely in August 2017. Clark did not appeal the dismissal.

On December 7, 2018, Clark filed a petition for *habeas corpus* relief in which he reasserted his legality of sentencing claim. The PCRA court, treating

the *habeas corpus* petition as a PCRA petition,[2] issued its Rule 907 notice of intent to dismiss, explaining that Clark failed to acknowledge or meaningfully address the PCRA's jurisdictional time-bar. On November 17, 2020, the PCRA court entered its order formally dismissing Clark's untimely petition.

After dismissal of his petition, Clark filed a timely notice of appeal. On appeal, Clark abandons his legality of sentencing claim, instead raising claims of trial counsel ineffectiveness.

Before considering the merits of Clark's petition, we must first determine whether the petition is timely in accordance with the PCRA's jurisdictional time-bar.[3] "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Commonwealth v. Graves***, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); ***see also*** 42 Pa.C.S. 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

---

[2] We agree with the PCRA court that Clark's self-styled petition for *habeas corpus* relief should be treated as a PCRA petition because his challenge to the legality of his sentence was cognizable under the PCRA and had been brought in a timely petition. ***See Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (noting that the legality of a sentence is always subject to review through a timely PCRA petition).

[3] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020).

Clark's sentence became final in 2008 when he declined to seek review in the United States Supreme Court after the denial of his petition for allowance of appeal on direct appeal. Because he filed his petition over 10 years after his sentence became final, his petition is facially untimely. Consequently, Clark must plead and prove one of the exceptions to the PCRA's timeliness requirements:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Despite the PCRA court dismissing his petition as being untimely and stating so in both its Rule 907 notice and Pa.R.A.P. 1925(a) opinion, Clark fails to raise any timeliness exception at any point in the argument section of his brief. ***See*** Clark's Brief at 7-14. Instead, as noted, rather than reassert the

legality of sentence claim alleged in his petition, he raises several claims of trial counsel ineffectiveness. Besides these claims having already been litigated, Clark does not plead and prove the applicability of any timeliness exception. As a result, the PCRA court correctly concluded that it lacked jurisdiction to consider the merits of Clark's petition. *See Small*, *supra*. Thus, we affirm the PCRA court's order dismissing the petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2021