J-S18021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OROBOSA ENAGBARE | : | |
| | : | |
| Appellant | : | No. 1844 EDA 2020 |

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002279-2012

BEFORE:    PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:        **FILED SEPTEMBER 27, 2021**

Orobosa Enagbare (Appellant) appeals *pro se* from the order entered in the Chester County Court of Common Pleas, denying his first Post Conviction Relief Act[1] (PCRA) petition. The order was entered following a remand by a prior panel of this Court, for an evidentiary hearing on one issue: whether trial counsel had a reasonable basis for not objecting to the trial court's providing the jury, during deliberations, with a copy of Appellant's confession, in the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

form of transcripts of two telephone calls between Appellant and the victim.[2]

The PCRA court determined trial counsel had a reasonable basis for not objecting, and thus denied relief on Appellant's claim of ineffective assistance of counsel. On appeal, Appellant argues this Court should announce a new holding that counsel's failure to lodge an objection pursuant to Pa.R.Crim.P. 646(C)(2) is *per se* unreasonable. We disagree, and thus affirm. We further direct the PCRA court, upon remand of the record, to determine the appropriate SORNA[3] registration and reporting requirements for Appellant.

## I. Facts & Procedural History

Because the parties and PCRA court are well familiar with the underlying facts and extensive procedural history, and this memorandum decision does

---

[2] **See** Pa.R.Crim.P. 646(C)(2) ("During deliberations, the jury shall not be permitted to have . . . a copy of any written or otherwise recorded confession by the defendant[.]").

We note this appeal is the fourth in this matter before this Court. First, the Commonwealth appealed from the trial court's April 31, 2013, suppression of a statement given by Appellant to a police detective; this Court affirmed. **Commonwealth v. Enagbare**, 1529 EDA 2013 (unpub. memo.) (Pa. Super. Apr. 17, 2014). Next, Appellant appealed from the September 21, 2015, judgment of sentence entered following his jury trial convictions; this Court likewise affirmed. **Commonwealth v. Enagbare**, 785 EDA 2016 (unpub. memo.) (Pa. Super. Feb. 8, 2017). Finally, Appellant appealed from the prior, July 20, 2018, order denying his PCRA petition. This Court vacated the order and remanded for an evidentiary hearing, which prompted the denial order underlying this appeal. **See Commonwealth v. Enagbare**, 2854 EDA 2018 (unpub. memo.) (Pa. Super. Dec. 31, 2019).

[3] Pennsylvania Sexual Offender Registration & Notification Act, 42 Pa.C.S. §§ 9799.10 to 9799.

not carry precedential value, we need not review the history of this case in detail. Instead, we refer to the prior Superior Court panel's summary of the facts and procedural history, which addressed the same overall ineffectiveness claim presented here. **See Enagbare**, 2854 EDA 2018 at 2-7, 13-15.

For ease of review, we briefly reiterate that on May 15, 2015, a jury found Appellant guilty of rape of an unconscious person, sexual assault, aggravated indecent assault, and indecent assault.[4] On September 21, 2015, the trial court imposed an aggregate sentence of 4½ to nine years' imprisonment, to be followed by five years' probation. This Court affirmed the judgment of sentence on Appellant's direct appeal. **Enagbare**, 785 EDA 2016 (unpub. memo.)

On August 4, 2017, Appellant filed a counseled "writ of habeas corpus," claiming, *inter alia*, that his trial counsel, Gina Capuano Amoriello (Trial Counsel), was ineffective for not objecting when the trial court granted the jury's request, during deliberation, to examine transcripts of two telephone calls between him and the victim. The PCRA court treated this filing as a timely PCRA petition, and dismissed it without a hearing.

Appellant took a *pro se* appeal to this Court. The prior panel denied relief on most of his issues, but remanded on his claim of Trial Counsel's ineffectiveness for not objecting to the telephone transcripts. Pertinently, the

---

[4] 18 Pa.C.S. §§ 3121(a)(3), 3124.1, 3125(a), 3126(a).

panel determined Appellant had established two prongs of the ineffective assistance of counsel test: (1) that the underlying claim had arguable merit, where the transcripts constituted "confessions" and thus should not have been provided to the jury pursuant to Pa.R.Crim.P. 646(C)(2); and (2) Appellant suffered prejudice, where the jury had requested the transcripts (rather than "the trial court . . . merely decid[ing] on its own to send the transcripts to the jury"), which indicated the jury placed undue weight upon them. *Enagbare*, 2854 EDA 2018 at 15, 18. However, the panel stated it could not rule on the last prong of the ineffectiveness test — whether Trial Counsel had a reasonable basis for not objecting — as the PCRA court had not received any evidence. *Id.* at 19. We thus "remand[ed] this case to the PCRA court for an evidentiary hearing on the reasonableness of counsel's actions and for entry of findings of fact and conclusions of law." *Id.* at 19-20.

On remand, Appellant continued to proceed *pro se*. An initially-scheduled hearing was continued due to the COVID-19 emergency judicial orders. PCRA Ct. Op., 8/6/20, at 3. On May 18, 2020, Appellant filed a "motion for summary PCRA relief," arguing the existing record — without any further evidentiary hearings — was sufficient to establish Trial Counsel lacked a reasonable basis.

The PCRA court convened hearings on June 16 and July 7 and 16, 2020, at which Appellant appeared *via* video. The court first denied Appellant's request for it to forego any testimony from Trial Counsel; the court reasoned

- 4 -

that the Superior Court's memorandum specifically remanded for an evidentiary hearing. N.T., 6/16/20, at 17. On August 6th, the PCRA court entered the underlying order, denying Appellant relief. The court found Trial Counsel's decision not to object to the transcripts had a reasonable basis, based on the following findings of fact: (1) Trial Counsel's trial strategy was to show the victim consented to sexual intercourse with Appellant; (2) this "consent strategy remained consistent throughout trial;" (3) "Counsel emphasized to the jury that [Appellant] did not say the word 'rape' on the calls and characterized them as exculpatory;" (4) instead, counsel believed "the transcripts supported the established strategy of consent as [Appellant] did not specifically admit to rape on the phone calls;" (5) counsel also argued to the jury that Appellant's "mental state at the time of the phone calls was compromised due to the recent suicide of one of his best friends;" (6) "[i]n her arguments, counsel importuned the jury to pay close attention to [Appellant's] tone of voice on the phone calls;" (7) counsel believed "that any potentially incriminating statements made by [Appellant] on the phone calls were not an admission of guilt, but rather an attempt to placate the upset victim;" (8) "[c]ounsel also did not wish to 'hide' any evidence from the jury that they may consider useful during their deliberations;" and (9) counsel did not discuss her decision — not to object — with Appellant because she "considered it a legal decision that was within her discretion." Trial Ct. Op., 8/6/20, at 3-5.

On August 27, 2020, Appellant filed a motion for reconsideration, and on September 4th, a notice of appeal. Subsequently, on September 8th, the PCRA court denied the reconsideration motion, and directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied.

## II. Statement of Questions Involved

On appeal, Appellant presents two issues for our review:

I. Did the PCRA court err on an issue of first impression by failing to apply the exception authorized in **Commonwealth v. Spotz**, 870 A.2d 822 (Pa. 2005) as controlling, to find [Trial Counsel's] proven "failure to object" under Pa.R.Crim.P. 646(C)(2) objectively "unreasonable as a matter of law" given [Appellant's] circumstances, where [Trial Counsel's] dual duty of loyal and zealous advocacy remains limited to legitimate lawful conduct and where no competent and effective defense-attorney would violate the Rule's mandatory prohibition based on both applicable legal principles and prevailing professional norms?

II. Did the PCRA court err by concluding that [Trial Counsel] had a reasonable basis for intentionally violating Pa.R.Crim.P. 646(C)(2) and provided effective assistance of counsel when, objectively-viewed, that violation both results in foreseeable prejudice from the jury placing undue-emphasis on the prohibited transcripts and results in eight (8) total breaches of ethical-duty imperatives under prevailing professional norms, consistent with the rulings in **Commonwealth v. McClellan**, . . . 887 A.2d 291 [(Pa. Super. 2005)]?

Appellant's Brief at 5.

## III. Relevant Legal Authority

We first note the relevant standard of review:

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal

- 6 -

error."  We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party.  . . . "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions."

***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).

With respect to a claim that counsel provided ineffective assistance, the Pennsylvania Supreme Court has stated:

Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner.[FN]

_____

[FN]  "[This] three-factor approach utilized in Pennsylvania derives from our application in ***Commonwealth v. Pierce***, . . . 527 A.2d 973, 975 (Pa. 1987), of the 'performance and prejudice' test articulated by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668 . . . (1984)."

_____

"With regard to 'reasonable basis,' the PCRA court 'does not question whether there were other more logical courses of action which counsel could have pursued; rather, [the court] must examine whether counsel's decisions had any reasonable basis.'" "Where matters of strategy and tactics are concerned, '[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'"

***Mason***, 130 A.3d at 618 & n.15 (some citations omitted; paragraph break added).

When determining what is reasonable, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. **Strickland**, [466 U.S. at 690.] Counsel's judgment must be reviewed from counsel's perspective at the time and should not be second-guessed if it falls within the realm of professional reasonableness. **Id.** at 689 . . . . If an attorney fails to inform his client of the relevant law, this failure will be considered unreasonable.

**McClellan**, 887 A.2d at 300 (some citations omitted).

Finally, we reiterate the provisions of Pa.R.Crim.P. 646(C)(2): "During deliberations, the jury shall not be permitted to have . . . a copy of any written or otherwise recorded confession by the defendant[.]" Pa.R.Crim.P. 646(C)(2).

## IV. Claim of *Per se* Unreasonableness Pursuant to *Spotz*

Appellant contends the PCRA court erred "by failing to apply our Supreme Court's exception authorized in **Spotz**[, 84 A.3d 294,] to find [Trial Counsel's] failure to object under Rule 646(C)(2) unreasonable as a matter of law." Appellant's Brief at 28. While Appellant's argument is rambling and at times unclear, it appears to be that this Court should hold the following: when the arguable merit and prejudice prongs have been established, any decision by counsel, to not object to a Pa.R.Crim.P. 646(C)(2) violation, is *per se* unreasonable, and no inquiry into "counsel's purported strategic basis" is

necessary.[5]  ***See*** Appellant's Brief at 29.  In support, Appellant cites the mandatory language in Rule 646(C)(2) — that a jury "shall not" be permitted to have a confession by the defendant.  ***Id.*** at 34, *citing* Pa.R.Crim.P. 646(C)(2).  Appellant also claims Trial Counsel was bound by these duties: to object to a Rule 646(C)(2) violation, "to decide 'what . . . objections should be made,'" "to maintain the demanded range of competent 'legal knowledge,'" and "to assure the presentation of [Appellant's] cause in the most favorable light 'with reasonable diligence and promptness [sic].'"  Appellant's Brief at 35-36.  Finally, Appellant contends this is an "issue of first impression" and requests publication of our decision.  ***Id.*** at 1, 28-29.  We conclude no relief is due.

Appellant explains the alleged ***Spotz*** "exception" as follows:

> Our Supreme Court authorizes that trial counsel's "failure to object [can] be deemed unreasonable as a matter of law.  But, such is the exception and not the rule[.]"  . . . (hereinafter "the ***Spotz*** exception").  ***Accord*** [***Commonwealth v. Colavita***, 993 A.2d 874, 896 (Pa. 2010).]

Appellant's Brief at 31.  Appellant, however, does not provide the full context from which he extrapolates this quoted language, nor does he present any

---

[5] We note that in the prior PCRA appeal, Appellant argued an attorney's decision not to object under Pa.R.Crim.P. 646(C) was *per se* prejudicial. ***Enagbare***, 2854 EDA 2018 at 18-19.  In this appeal, Appellant now argues the same conduct by counsel should be found *per se* to have no reasonable basis.

further discussion of the *Spotz* case. We consider both. First, the full passage

surrounding the quoted language is as follows:

> The deference to trial counsel that is required under *Strickland* and *Pierce* is a deference that arises from an appreciation of the art involved in the practice of law generally, and in the defense function particularly. **This is not to say that there is no instance where the failure to object could be deemed unreasonable as a matter of law. But, such is the exception and not the rule; at least as a general principle, counsel should have a chance to be heard before being declared ineffective.** Absent a hearing at which counsel's actual reasons for failing to object may be explored, this is not a case where it can be said, as a matter of law, that there cannot have been a reasonable basis for failing to object.
>
> A reasonable basis hearing would be unnecessary, however, if it could be determined that there is no reasonable probability that an objection at trial would have led to a more favorable outcome for appellee. Absent a showing of such prejudice, the claim of ineffective assistance fails. . . .

*Spotz*, 870 A.2d at 833 (emphasis added; citations omitted). Additionally,

the *Spotz* Court in fact denied relief on the defendant's ineffectiveness claim,

emphasizing that there was no evidentiary hearing, nor any findings of fact,

by the trial court.[6]  *Id.* at 835 ("We believe that the question is better

_____

[6] The defendant claimed counsel "was ineffective, as a matter of law, for failing to object to alleged prosecutorial references to appellee's post-arrest silence." *Spotz*, 870 A.2d at 824. This claim was raised on direct appeal, as permitted at the time. *Id.* at 827. While the appeal was pending, the Pennsylvania Supreme Court issued *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), which generally required defendants to wait until collateral review to raise claims of ineffective assistance. *Spotz*, 870 A.2d at 829. The *Spotz* Court thus applied *Grant* and dismissed the defendant's claim, without prejudice for him to pursue it in a PCRA petition.

determined by the trial court in the first instance following an evidentiary hearing."). It explained: "In recent years, this Court has expressed a distinct preference for a hearing on counsel's strategy before venturing to hold that counsel lacked a reasonable basis for his or her actions or inactions." *Id.* at 832.

When read as a whole, the **Spotz** decision does not support Appellant's claim that the Pennsylvania Supreme Court has announced a *per se* rule — that establishment of the underlying-argument and prejudice prongs alone can support a *per se* finding of the third prong, reasonable-basis. Furthermore, as the PCRA court pointed out, Appellant fails to address the prior Superior Court memorandum, which concluded that no determination on the reasonableness prong could be made without an evidentiary hearing. **See Enagbare**, 2854 EDA 2018 at 19; N.T., 6/16/20, at 11-12 (PCRA court opining, "I think the significance is that [Appellant] is ignoring the specific Superior Court opinion in this case. The Superior Court has found that there is arguable merit and there could be prejudice. And they specifically remanded this case for an evidentiary hearing to determine whether trial counsel had a reasonable strategy."). Appellant has cited no new authority, post-dating this Court's December 31, 2019, memorandum, that would undermine the panel's remand directives.

As Appellant's various arguments do not persuade this Court to adopt a *per se* rule, we affirm the PCRA court's rejection of the same. Instead, we

apply the principles relating to counsel's reasonableness, including those in *Spotz*, as set forth above. *See Mason*, 130 A.3d at 618 & n.15; *Spotz*, 870 A.2d at 833, 835; *McClellan*, 887 A.2d at 300.

### V. Claim of *Per se* Unreasonableness Pursuant to *McClellan*

In his second issue, Appellant avers, in the alternative, that the PCRA court erred in finding Trial Counsel's actions had a reasonable basis, where Trial Counsel "intentionally violated Rule 646(C)(2)." Appellant's Brief at 43. Appellant points out that counsel was aware of Rule 646(C)(2)'s "prohibition of 'confessions,'" yet did not consult with him as to whether to object. *Id.* Appellant relies on this Court's statement in *McClellan* that "trial counsel's failure to comply with the Pennsylvania Rules of Criminal Procedure is not an effective trial strategy." Appellant's Brief at 44, *quoting McClellan*, 887 A.2d at 293. No relief is due.

Again, we consider the full context of the statement, in *McClellan*, that was extrapolated by Appellant:

> [W]e hold trial counsel's failure to provide, in a timely manner, the identity and opinion of an expert witness who tended to prove the defendant's alibi **cannot be considered reasonable under the totality of the circumstances**. Thus, trial counsel's failure to comply with the Pennsylvania Rules of Criminal Procedure is not an effective trial strategy, nor is it an example of effective assistance of counsel under the prevailing norms of practice as reflected by the American Bar Association.

*See McClellan*, 887 A.2d at 293 (emphasis added).

In *McClellan*, the defendant claimed her trial counsel was ineffective for not disclosing until after trial commenced a defense expert witness, who

would have provided an alibi defense. ***McClellan***, 887 A.2d at 295-96. Due to this late disclosure, the trial court precluded testimony by this expert. ***Id.*** at 298. The defendant averred trial counsel intentionally violated Pa.R.Crim.P. 305(C),[7] which required a defendant to provide notice when they intend to present an alibi defense. ***Id.*** at 298-99. This Court stated, "[W]e must determine if trial counsel's conduct had any reasonable basis, **considering the totality of the circumstances**." ***Id.*** at 300 (emphasis added). We then reasoned:

> [C]ounsel were or should have been aware the trial court required disclosure of their experts' opinions and reports, based in particular on their previous experience with [defense counsel's first expert witness.] The trial court's unwillingness to tolerate further failures by counsel to disclose expert information was clear when the court ordered counsel to disclose [the first expert's] reports, ordered [the first expert] to submit to depositions by the Commonwealth, and reserved the right to impose sanctions on [the first expert]. At that point, counsel should have been aware of the trial court's intent to enforce Rule 305 . . . .
>
> Therefore, we cannot conclude counsel's justification that the Commonwealth "could have gotten a continuance if [it] wanted a continuance," was reasonable, nor does it reasonably support the decision not to disclose [the second expert witness] to the Commonwealth. A review of the Rules of Criminal Procedure should have revealed to counsel the likelihood [the second expert] would not be permitted to testify, particularly in light of counsel's previous defiance of the court's orders. ***See*** Pa.R.Crim.P. 305(E); ***Strickland***, ***supra***. Instead, counsel's actions exhibited either a lack of knowledge of the Rules of Criminal Procedure, constituting incomplete investigation into the law, or a deliberate attempt to frustrate the Commonwealth's right to learn of the witness,

_____

[7] Rule 305(C) has been renumbered Rule 567, "Notice of Alibi Defense." ***See*** Pa.R.Crim.P. 567.

constituting a violation of both the Rules of Professional Conduct and the ABA Standards. *See Strickland*, *supra* (stating standard for investigation of law); Pa.R.P.C. 3.4 (stating standard for disclosing witnesses to Commonwealth); *see also* Pa.R.P.C. 3.2 Comment; ABA Standard 4-4.3(d).

*McClellan*, 887 A.2d at 300-01 (some citations omitted).

The *McClellan* Court's statement, that it would consider the reasonableness of trial counsel's actions under the **totality of the circumstances**, alone belies Appellant's proposition *McClellan* supports a *per se* finding of unreasonable counsel conduct, where there has been a violation of a Rule of Criminal Procedure. Furthermore, the full discussion in *McClellan* — which, again, Appellant ignores — demonstrates that review of the various, unique facts presented in a particular matter is required. This is what the prior Superior Court memorandum in this matter directed, and what the PCRA court undertook on remand.

Here, the PCRA court opined:

. . . From the outset of the trial, the telephone calls constituted "an integral part" of counsel's consent defense. [D]efense counsel in this case "argued at length" to the jury that the calls were exculpatory. In support of this argument, defense counsel brought the jury's attention to the fact that [Appellant] did not utter the word "rape" throughout the calls. Counsel characterized [Appellant's] repeated admissions that he "fucked up" as attempts to placate or appease the distraught victim, rather than confessions to any crime. [Appellant] also testified that he was in an unstable mental state at the time of the incident due to the recent suicide of a friend, and counsel emphasized this testimony in her presentation to the jury. Based upon the factual and legal circumstances of this case, this was a reasonable strategy for counsel to adopt during the trial.

It was therefore in accordance with this strategy for counsel to permit the jury to view the transcripts during their deliberations. A major portion of counsel's defense strategy was based upon a particular piece of evidence — the phone calls. Considering that counsel characterized this evidence as exculpatory, "the reason why [counsel] wanted it to go out with the [j]ury is apparent."

Trial Ct. Op., 8/6/20, at 13 (citation omitted).

We find no error in the PCRA court's ruling. At the PCRA hearing, upon Appellant's questioning, Trial Counsel testified, "I believe the only evidence [the Commonwealth] had against you . . . was . . . the audio tapes and transcripts of [the victim's] conversations[.]" N.T., 7/7/20, at 16. Trial Counsel requested that the recordings not be played at trial, but the trial court denied this request. *Id.* at 21. *See also id.* at 17 ("I didn't want the jury to hear the calls."). Once she "knew the jury was going to hear" the recordings, at trial she addressed them "from the beginning," as "it wasn't something that [she] could have ignored." *Id.* at 17-18. Responding to Appellant's *pro se* questioning, Trial Counsel stated: "After speaking with you [Appellant] about this, [I pursued a] defense that you never said in those tapes that you raped her, and that the only reason that you were the way you were during the calls [was that] you were trying to basically placate [the victim] because she sounded upset." *Id.* at 17. Trial Counsel also "wanted the jury to realize [in] reading the transcripts [what she] had said from the opening[,] that [Appellant] never said [he] raped the victim." *Id.* at 27. Trial Counsel also

pointed out that Appellant was found not guilty of the most serious charge, rape by forcible compulsion. *Id.* at 27.

The credibility of Trial Counsel's PCRA hearing testimony was for the PCRA court to weigh, and as the court's findings are supported by the record, they are binding on this Court. *See Mason*, 130 A.3d at 617. The court was not to "question whether there were other more logical courses of action which counsel could have pursued[;]" rather, the court's task was to examine whether counsel's decisions had any reasonable basis. *See Mason*, 130 A.3d at 618. We reiterate that counsel is presumed to be effective, and "to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *See id.*; *McClellan*, 887 A.2d at 300. Accordingly, we do not disturb the court's conclusion that Trial Counsel had a reasonable basis for not objecting to the telephone transcripts, nor its denial of PCRA relief.

### VI. SORNA Registration

At this juncture, we note that following Appellant's jury convictions, the trial court directed Appellant to register for life as a Tier III SORNA offender. In the prior PCRA appeal, this Court vacated Appellant's SORNA registration, on the grounds that he committed the offenses before SORNA's effective date of December 20, 2012, and thus the retroactive application of SORNA violated his rights under the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *Enagbare*, 2854 EDA 2018 at 21-22, *citing*

*Commonwealth v. Muniz*, 164 A.3d 1189, 1218 (Pa. 2017). The panel relied on *Commonwealth v. Lippincott*, 208 A.3d 143 (Pa. Super. 2019) (*en banc*), which addressed a similarly situated defendant, who committed sexual offenses after SORNA's 2011 enactment but before its December 20, 2012, effective date. *Lippincott* discussed that our General Assembly amended SORNA in light of *Muniz*, by, *inter alia*, adding Subchapter I, which set forth registration requirements for "offenders convicted of committing offenses on or after Megan's Law I's effective date (April 22, 1996), but prior to SORNA's effective date." *Lippincott*, 208 A.3d at 152 (citation omitted).

In this case, the prior Superior Court panel specifically noted that the *Lippincott* Court "remanded the case to the trial court to 'determine the appropriate registration and reporting requirements[.]"[8] *Enagbare*, 2854 EDA 2018 at 22. However, the panel did not direct any further SORNA proceedings — it merely vacated the registration requirements — and on remand, the PCRA court did not undertake any SORNA review.

_____

[8] We note that following this Court's remand, the *Lippincott* PCRA court determined the defendant was a sexually violent predator (SVP). The defendant appealed this decision, and this Court recently granted *en banc* review on, *inter alia*, the question of whether the PCRA court erred in conducting an SVP hearing, where the Superior Court vacated the SVP designation without any remand directive for a new SVP hearing. *See Commonwealth v. Lippincott*, 633 EDA 2020 (order Aug. 16, 2021). This SVP issue is not implicated in the case *sub judice*.

- 17 -

As the prior panel noted, "[b]ecause SORNA constitutes punishment, and because Appellant filed a timely PCRA petition, we have the authority to raise the legality of his sentence *sua sponte*." **Enagbare**, 2854 EDA 2018 at 22-23, *citing* **Commonwealth v. Balance**, 203 A.3d 1027, 1031 (Pa. Super. 2018). As the instant appeal, like the last appeal, arises from the disposition of Appellant's timely PCRA petition, we may *sua sponte* address his SORNA registration. We direct, consistent with **Lippincott**, the PCRA court to determine the appropriate registration and reporting requirements.[9] This directive is not inconsistent with the prior panel's disposition, nor the provisions of SORNA. **See** 42 Pa.C.S. § 9799.23(b)(1) ("All sexual offenders must register in accordance with this subchapter. . . . Failure by the court to provide the information required in this section, to correctly inform a sexual offender of the sexual offender's obligations or to require a sexual offender to register shall not relieve the sexual offender from the requirements of this subchapter.").

### VII. Conclusion

For the foregoing reasons, we affirm the August 6, 2020, order of the PCRA court denying Appellant's PCRA claim of ineffective assistance of counsel. Upon remand of the record to the PCRA court, the court shall

---

[9] **See** 42 Pa.C.S. § 9799.55 (setting forth registration terms).

- 18 -

determine the appropriate SORNA registration and reporting requirements for Appellant.

Oder affirmed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2021