J-S22013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN LOVE LUNDY | : | |
| | : | |
| Appellant | : | No. 261 EDA 2022 |

Appeal from the PCRA Order Entered December 22, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0003000-2017

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                                          **FILED JULY 25, 2022**

Steve Love Lundy appeals *pro se* from the order denying his "Notice of Acceptance" and "Notice of Fault and Opportunity to Cure and Contest Acceptance" which were treated as untimely petitions pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Briefly, the history of this case is as follows.  Appellant was charged with various crimes following an assault on his wife.  Ultimately, he pled *nolo contendere* to the second-degree felony of strangulation and the remaining counts were *nolle prossed*.  On March 21, 2019, he was sentenced to serve

---

[1] Appellant calls himself "Divine Rose," and altered the caption of the case in his brief to refer to the "Steven Love Lundy Trust©" as the defendant. However, we observe that the PCRA court indicated that Appellant's legal name remains Steven Love Lundy, and the Commonwealth filed charges against him, not against a trust.  *See* Supplemental Statement Pursuant to Pa.R.A.P. 1925(a), 3/16/22, at unnumbered 1-2.

twenty-one to sixty months of incarceration. He did not file a direct appeal after the trial court denied his post-sentence motion.

Appellant filed the above-referenced petitions in July and August of 2021. In the first, he purported to void portions of his plea agreement and add a term that $500,000,000 was to be deposited, exempt from levy, "to United States Treasury and charge the same to [Appellant]." Notice, 7/15/21, at unnumbered 2, 5-8. In the second, he indicated that the trial court and prosecutor were in default for failing to perform the terms of the first petition. Failure to cure the default within three days, Appellant indicated, would result in establishing the acceptance of the "agreement" as a fact of record subject to *res judicata* "pursuant to and relative to Article 1 redress of grievances under the Ninth Amendment, Uniform Commercial Code, state statute, case law and otherwise." Notice, 8/4/21, at unnumbered 2.

In between Appellant's first and second filings, the PCRA court entered an order deeming the matter to be a motion for PCRA relief and appointed counsel. Counsel subsequently filed a motion to withdraw as counsel, indicating that he had discerned no viable legal claim and that Appellant had expressed his desire to waive his right to counsel. **See** Motion for Leave, at ¶¶ 5-6. The PCRA court held a hearing at which, following a colloquy, Appellant maintained his desire to represent himself. Therefore, the court permitted counsel to withdraw. **See** Order, 12/27/21. By separate opinion and order, the PCRA court dismissed the petitions, holding that their

untimeliness deprived it of jurisdiction to entertain them. *See* Opinion and Order, 12/23/21, at 2.

Appellant filed a timely notice of appeal, albeit in the incorrect court. The PCRA court thereafter ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant submitted a filing within the specified time period, but it is unclear from its nature, namely that it is a mere string of official-sounding terms and phrases, whether it was intended to serve as the Rule 1925(b) statement. The PCRA court thereafter provided a Rule 1925(a) statement citing the lack of usefulness of his statement and indicating that it was "unable to comment on [Appellant's] appeal other than to say that his PCRA petitions were untimely filed and the court therefore does not have jurisdiction to grant him relief." Pa.R.A.P. 1925(a) Statement, 2/9/22, at 2. Appellant filed a similarly unhelpful brief in this Court in which he seems to suggest that the PCRA court's admission that it lacked jurisdiction over his PCRA petitions served to render his conviction and sentence unconstitutional, and, therefore, null and void. *See* Appellant's brief at 4.

We begin by observing that Appellant does not dispute that his filings, which appear to seek to invalidate his *nolo contendere* plea, were properly deemed to be PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa.Super. 2011) ("We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as

a PCRA petition."). **See also** 42 Pa.C.S. § 9543(a)(2) (providing that challenges to the validity of a plea and the jurisdiction of the court are cognizable through the PCRA). "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." **Commonwealth v. Cruz**, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

Assuming *arguendo* that Appellant preserved any claims of error for appellate review despite his unconventional Rule 1925(b) statement and his non-conforming brief, we begin by considering whether his filings were timely, for no court has jurisdiction to adjudicate the merits of an untimely PCRA petition. **See**, **e.g.**, **Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa.Super. 2019).

Any PCRA petition must either be filed within one year of the judgment of sentence becoming final, or meet a timeliness exception. **See** 42 Pa.C.S. § 9545(b)(1). A petitioner bears the burden of pleading and proving a timeliness exception. "If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed[.]" **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018).

Appellant filed no direct appeal after the trial court denied his post-sentence motion by order of March 27, 2019. Therefore, Appellant's judgment

of sentence became final on April 26, 2019, when the time for filing a direct appeal expired. ***See*** 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review."). Appellant's filings in July and August of 2021 were hence facially untimely. Further, they contained no allegations that they met any timeliness exception. Nor does Appellant address the timeliness of the petition in his appellate brief. Accordingly, Appellant has not met his burden of convincing us that the PCRA court erred in dismissing his filings as untimely. Thus, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022