J-S01008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER MICHAEL SLAUGHTER :
:
Appellant : No. 950 MDA 2021

Appeal from the PCRA Order Entered August 11, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002736-2013

BEFORE: BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.: **FILED: JANUARY 13, 2022**

Christopher Michael Slaughter appeals from the order that dismissed as

untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA").

We affirm.

The pertinent history of this case is as follows. In August 2014, a jury

convicted Appellant of aggravated assault on a police officer and other crimes.

Appellant was sentenced to an aggregate term of twenty-nine and one-half to

fifty-nine years of incarceration, and this Court affirmed the judgment of

sentence. *See Commonwealth v. Slaughter*, 135 A.3d 658 (Pa.Super.

2015) (unpublished memorandum). Appellant did not seek review in our

Supreme Court, but filed a timely *pro se* PCRA petition. Counsel was

---

[*] Retired Senior Judge assigned to the Superior Court.

appointed and moved to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court permitted counsel to withdraw and dismissed the petition following issuance of the proper notice, and this Court affirmed. ***See Commonwealth v. Slaughter***, 183 A.3d 1069 (Pa.Super. 2018) (unpublished memorandum).

Appellant *pro se* filed the PCRA petition at issue in this appeal, his second, on February 22, 2021. Therein, Appellant asserted that he was entitled to relief based upon our Supreme Court's decision in ***Commonwealth v. McClelland***, 233 A.3d 717 (Pa. 2020), in which the Court held that the defendant's due process rights were violated when, at the preliminary hearing, "the Commonwealth relied exclusively and only on evidence that could not be presented at a trial." ***Id***. at 736. Appellant raised his claim as one of "newly discovered evidence," and contended that he was unaware of the ***McClelland*** holding until "late December of 2020" when he read about it in an October 2020 publication of the Pennsylvania Prison Society. ***See*** PCRA Petition, 2/22/21, at 4.

The PCRA court determined that the petition was untimely and it lacked jurisdiction to consider its merits. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Rather than respond to the notice, Appellant filed a premature notice of appeal to this Court. On August 11, 2021, the PCRA court entered an order dismissing

Appellant's second PCRA petition. Accordingly, this appeal is deemed to have been timely filed from the August 11, 2021 final order. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

Appellant presents the following questions for our consideration:

1)  Was the lower court in error for its denial of the Appellant's PCRA stating that it does not meet the requirements of 42 Pa.C.S. § 9545(b)(1)(i-iii)?

2)  Was the lower court in error when it allowed hearsay evidence alone to establish *prima facie* at the preliminary hearing?

3)  Was counsel for the defendant ineffective for failing to raise this claim during and after the preliminary hearing?

Appellant's brief at 4 (cleaned up).

We begin with a review of the applicable legal principles. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's

- 3 -

petition." ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014).

Indeed, "no court has jurisdiction to hear an untimely PCRA petition."

***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa.Super. 2019). The

PCRA provides as follows regarding the time for filing a petition:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception

"shall be filed within one year of the date the claim could have been

presented." 42 Pa.C.S. § 9545(b)(2).

Appellant argues that the PCRA court erred in holding that he failed to

establish the § 9545(b)(1)(ii) newly-discovered facts exception. Specifically,

he contends that he did not discover the fact that hearsay evidence alone

could not be used by the Commonwealth to establish a *prima facie* case at a

preliminary hearing until he read about the ***McClelland*** decision in December

- 4 -

2020. *See* Appellant's brief at 8. He contends that he exercised due diligence in discovering the July 2020 ruling, and could not have discovered it earlier, citing delays in prison mail and lack of access to the prison library caused by the COVID-19 pandemic. *Id*. at 8-9.

Appellant is entitled to no relief. As our Supreme Court has succinctly explained,

> under appropriate circumstances, a judicial opinion can provide an independent basis for a new PCRA claim pursuant to 42 Pa.C.S. § 9545(b)(1)(iii), which creates a limited exception for new constitutional rights that have been held to apply retroactively. **But a judicial opinion — even one which may establish a new theory or method of obtaining relief — does not amount to a new "fact" under Section 9545(b)(1)(ii) of the PCRA**.

*Commonwealth v. Reid*, 235 A.3d 1124, 1148 (Pa. 2020) (cleaned up, emphasis added). The "fact" underlying Appellant's claim is the alleged testimony of the witnesses at his preliminary hearing, which was not newly-discovered by Appellant within a year of filing the instant PCRA petition. The change in the law which Appellant contends now entitles him to relief when applied to those facts cannot satisfy § 9545(b)(1)(ii). *Id*.

Furthermore, the *McClelland* judicial opinion cannot serve as a basis for jurisdiction over Appellant's instant PCRA claim pursuant to § 9545(b)(1)(iii). As our Supreme Court summarized:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively.

- 5 -

Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Reid**, **supra** at 1154 (quoting **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002)). Since the High Court has not held that the due process right recognized in **McClelland** is both new and retroactively-applicable, the decision does not provide a foundation for the § 9545(b)(1)(iii) exception.

Therefore, the **McClelland** decision can serve as a basis for neither the newly-discovered-facts nor new-constitutional-right timeliness exceptions to the PCRA's one-year time bar. **Accord Commonwealth v. Scott**, 1329 EDA 2021, 2021 WL 5983827, at *2 n.2 (Pa.Super. Dec. 17, 2021) (non-precedential decision) (noting that even if the appellant had raised **McClelland** as a basis for a timeliness exception in the PCRA court, the decision did not satisfy § 9545(b)(1)(ii) or (iii)). Thus, the PCRA court properly dismissed Appellant's petition for lack of jurisdiction, and he is entitled to no relief from this Court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/13/2022