J-S25041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LYDELL JOHNSON | : | |
| | : | |
| Appellant | : | No. 129 EDA 2023 |

Appeal from the PCRA Order Entered January 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001127-2012

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED NOVEMBER 7, 2023**

Lydell Johnson (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his Post-Conviction Relief Act (PCRA)[1] petition as untimely. On appeal, he argues the PCRA court erred when it dismissed his petition without an evidentiary hearing as there was a genuine issue of material fact regarding the ineffective assistance of trial counsel. For the following reasons, we affirm.

The relevant underlying facts are as follows. On September 28, 2011, around 3:50 p.m., George Jones (George) and some friends, including Phillip Gillard (Phillip), were at the home of Diane Gillard (Diane) located on the corner of Ann and Weikel Streets in Philadelphia, Pennsylvania. **See** N.T.,

---

[1] 42 Pa.C.S. §§ 9541-9545.

4/15/14, at 172-73, 177-78; N.T., 4/17/14, at 6-7.[2]  While standing outside of Diane's home, one of George's friends — Shawn Jones (Shawn) — engaged in a physical altercation nearby.[3]  N.T., 4/17/14, at 9-10, 16.  George eventually heard multiple gun shots and began running towards Tulip Street with Shawn.  *Id.* at 10-11.  While on Tulip Street, Shawn was shot in the leg and George felt "bullets flying past [him, l]ike warm, fast sensations flying past [his] ear."  *Id.* at 12-13.  Another friend of George took Shawn to the hospital.  *Id.* at 13-14.

Meanwhile, responding police officers arrived on the 2900 block of Weikel Street "within a minute" of shots being fired, and approached Diane's home.  *See* N.T., 4/15/14, at 177, 179.  While there, they were met by Phillip and Diane.  Diane was lying on the floor after suffering a gunshot wound to the head.  *Id.* at 177-79.

That same day, Philadelphia Police Officers Michael Wilson and Prieb[4] were on bike patrol when they received a call about gunshots in the area of

---

[2] The notes of testimony state the following evidence was presented on April 17, **2016**.  However, this is a typographical error and this portion of trial occurred on April 17, 2014.

[3] George and Shawn are not related.  *See* N.T., 4/17/14, at 7-8 (George referring to Shawn as a "friend" he has known since he was nine years old).  In the record, Shawn's name is spelled both "Sean" and "Shawn."  *See e.g.* N.T., 4/15/14, at 144; N.T., 4/17/14, at 8-9.  George stated in his testimony Shawn is currently deceased, but the date and cause of his passing are unclear from the record.  *See* N.T., 4/17/14, at 8.

[4] Officer Prieb's first name is not apparent from the record.

Ann and Weikel Streets. *See* N.T., 4/15/14, at 44-45. After speaking with an eyewitness, the officers located Appellant approximately two blocks away and arrested him. *See id.* at 51-53, 58-59, 69-73. At trial, the eyewitness positively identified Appellant as the shooter. *Id.* at 71-72. Although the eyewitness testified that he heard additional gunshots fired "[f]urther away[,]" he stated he did not see any other shooter. *Id.*

Appellant was charged as follows. At Criminal Docket CP-51-CR-0001125-2012 (Trial Docket 1125), regarding the Gillard victims, Appellant was charged with, *inter alia*, two counts each of attempted murder, aggravated assault, reckless endangerment of another person (REAP), and conspiracy, and one count each of carrying a firearm without a license, persons not to possess a firearm, carrying a firearm on the public streets of Philadelphia, and possession of an instrument of crime (PIC).[5] At Criminal Docket CP-51-CR-0001127-2012 (Trial Docket 1127), regarding the Jones victims, Appellant was charged with, *inter alia*, two counts each of attempted murder, aggravated assault, and REAP.

This matter proceeded to a three-day trial on April 15, 2014, where the Commonwealth presented the evidence as summarized above. On April 23rd, a jury convicted Appellant at Trial Docket 1125 of two counts each of aggravated assault and REAP, and one count each of conspiracy, carrying a

_____

[5] 18 Pa.C.S. §§ 901(a), 2502(a), 2702(a), 2705, 903, 6106(a)(1), 6105(a)(1), 6108, and 907(a), respectively.

- 3 -

firearm without a license, persons not to possess a firearm, carrying a firearm on the public streets of Philadelphia, and PIC. At Trial Docket 1127, Appellant was convicted of two counts each of aggravated assault and REAP. He was found not guilty of each of the counts of attempted murder and one count of conspiracy. On June 19, 2014, the trial court sentenced Appellant to an aggregate term of 23 to 46 years' incarceration. Appellant filed post-sentence motions only at Trial Docket 1125, alleging, *inter alia*, his sentence was excessive and he was provided with after-discovered DNA evidence. **See** Appellant's Motion of Reconsideration of Sentence, 6/27/14, at 1-2 (unpaginated); Appellant's Post-Sentence Motion for a New Trial, 6/27/14, at 1-2 (unpaginated).[6] On July 31, 2014, the trial court denied each of Appellant's motions. Orders, 7/31/14.[7] Appellant did not file a direct appeal at either trial docket.

On April 2, 2015, Appellant filed a *pro se* PCRA petition only at Trial Docket 1125. The PCRA court appointed counsel who filed an amended petition, again only referencing Trial Docket 1125, and requesting that Appellant's direct appeal rights be reinstated *nunc pro tunc*. Appellant's Amended Post-Conviction Relief Act Petition, 3/15/16, at 1-2. On May 8,

---

[6] As mentioned **infra**, Trial Docket 1125 was listed in this Court at Appeal Docket 130 EDA 2023. We take judicial notice of this related record.

[7] The order denying Appellant's post-sentence motion for a new trial, was not included in the certified record. However, the criminal docket reflects the court entered an order denying the motion on July 31, 2014. **See** Criminal Docket CP-51-CR0001125-2012, at 14.

2017, the PCRA court granted his petition and on June 7, 2017, Appellant filed a direct appeal *nunc pro tunc* at Trial Docket 1125.

On November 5, 2018, before this Court issued a decision on Appellant's direct appeal at Trial Docket 1125, Appellant filed a *pro se* PCRA petition at **Trial Docket 1127**. **See** Appellant's *Pro Se* PCRA Petition, 11/5/18. On November 21st, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition due to the pending status of his direct appeal at Trial Docket **1125**. **See** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 11/21/18. On January 18, 2019, this Court affirmed Appellant's judgment of sentence at Docket 1125. **Commonwealth v. Johnson**, 1849 EDA 2017 (unpub. memo. at 1) (Pa. Super. Jan. 18, 2019), *appeal denied*, 76 EAL 2019 (Pa. July 31, 2019). Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on July 31, 2019. **See id**.

On February 10, 2022, at Trial Docket 1127, the PCRA court appointed Scott Sigman, Esquire, "for purpose of PCRA." Order, 2/10/22. On May 6, 2022, Attorney Sigman filed a motion for leave to amend Appellant's November 5, 2018, PCRA petition, as well as a proposed amended petition.[8] **See** Appellant's Motion for Leave to Amend the Petition for Post-Conviction Collateral Relief Pursuant to the Pennsylvania Post-Conviction Relief Act

---

[8] The PCRA court did not issue an order granting or denying the motion for leave to amend.

("PCRA") Filed by [Appellant], 5/6/22; Appellant's First Amended Petition for Post-Conviction Collateral Relief Pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA") (Appellant's PCRA Petition), 5/6/22. Appellant's sole claim was that trial counsel was ineffective for failing to file a post-sentence motion challenging his sentence as unreasonable and excessive. **See** Appellant's PCRA Petition, 5/6/22, at 4. On both filings, Attorney Sigman referenced both Trial Dockets 1125 and 1127.

On November 9, 2022, the PCRA court issued a notice of intent to dismiss Appellant's petition without an evidentiary hearing pursuant to Pennsylvania Rule of Criminal Procedure 907; the court indicated the petition was untimely filed. **See** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 11/9/22, at 1. Appellant did not file a response and on January 3, 2023, the PCRA court dismissed Appellant's petition. Appellant filed a timely notice of appeal at each docket and complied with the PCRA court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[9] The appeal at Trial Docket 1125 was listed in this Court at Appeal Docket 130 EDA 2023, and the appeal at Trial Docket 1127 was listed at Appeal Docket 129 EDA 2023.

On March 6, 2023, this Court issued a *per curiam* order at Appeal Docket 130 EDA 2023 directing the parties to, *inter alia*, address the procedural history of both Trial Dockets 1125 and 1127, stating:

---

[9] Appellant's concise statement listed both Trial Dockets 1125 and 1127.

In light of the fact that according to the trial court dockets, the November 5, 2018 *pro se* PCRA petition was filed only at [Docket 1127], the May 6, 2022 counseled "PCRA-Amended PCRA Petition" was filed at both trial court docket numbers, and there is no indication on [Docket 1125] that a PCRA petition was filed prior to counsel filing the May 6, 2022 "PCRA-Amended PCRA Petition," both parties are [directed] to address in their briefs the procedural history of the PCRA proceedings at [Docket 1125].

130 EDA 2023, Order, 3/6/23, at 2 (unpaginated).

On March 8, 2023, Appellant filed a praecipe to discontinue his appeal at Appeal Docket 130 EDA 2023. **See** 130 EDA 2023, Appellant's Praecipe to Discontinue Appeals Pursuant to Pa.R.A.P. 1973, 3/8/23.

Appellant raises the following claims on appeal at Trial Docket 1127:

1. Whether the [PCRA] court erred in denying [Appellant's PCRA petition] without affording him an evidentiary hearing since [Appellant's] conviction and sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place?

2. Whether the [PCRA] court erred in denying [Appellant's PCRA petition] without affording him an evidentiary hearing since, under the totality of circumstances, there are genuine issues concerning material facts and legitimate purposes would be served by such hearing?

3. Whether the [PCRA] court erred in denying [Appellant's PCRA petition] without affording him an evidentiary hearing since [Appellant's] petition makes out a *prima facie* case warranting such hearing where under the totality of circumstances, trial counsel provided ineffective assistance that lacked any reasonable basis which prejudiced [Appellant]?

Appellant's Brief at 6-7.

Before we may address Appellant's arguments, we must determine if his PCRA petition was properly filed.

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, & emphasis omitted); *see also* 42 Pa.C.S. § 9545(b)(1), (3).

Here, regarding the present appeal at Trial Docket 1127, Appellant did not file any post-sentence motions or a direct appeal. Thus, his judgment of sentence became final at the expiration of time to file a direct appeal — Monday, July 21, 2014.[10] *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence final at the conclusion of time to seek direct review); Pa.R.A.P. 903(a) (direct appeal must be filed within 30 days of the imposition of sentence). Generally, Appellant then had one year from that date — or until July 21, 2015 — to file

_____

[10] The thirtieth day after the trial court imposed Appellant's sentence fell on Saturday, July 19, 2014. Accordingly, Appellant had until Monday, July 21st, in which to file a timely notice of appeal. *See* 1 Pa.C.S. § 1908 (extending the thirty-day deadline to first non-holiday weekday if the final date falls on a weekend or holiday).

a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). He filed the underlying petition on November 5, 2018 — over three years later — and as such, it is facially untimely.

The PCRA, however, allows a defendant to file a petition after this period where they plead and prove one of the following timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition pleading any of the above exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant does not plead or prove any of the above timeliness exceptions in either his *pro se* petition or amended counseled petition. **See** Appellant's *Pro Se* PCRA Petition, 11/5/18, at 3; **see generally** Appellant's PCRA Petition, 5/6/22. We note that in his, *pro se* filing, Appellant checked boxes indicating his petition qualified for the governmental interference and newly discovered evidence timeliness exceptions, but he provided no elaboration to support this assertion. **See** Appellant's *Pro Se* PCRA Petition, 11/5/18, at 3. In his amended counseled petition, Appellant simply asserts

that his petition is timely. *See* Appellant's PCRA Petition, 5/6/22, at 2, 4. The PCRA court opines, and we agree, Appellant's petition is untimely, he failed to plead and prove any of the timeliness exceptions, and therefore, neither the PCRA court, nor this Court, has jurisdiction to review his claims. ***See Balance***, 203 A.3d at 1031; PCRA Ct. Op., 2/1/23, at 5-7. As such, we affirm the court's order on this basis.

Though Appellant withdrew his appeal at Trial Docket 1125, we note that the November 5, 2018, PCRA petition would have been untimely filed at that docket as well. At Trial Docket 1125, Appellant filed a *nunc pro tunc* direct appeal, this Court affirmed his judgment of sentence on January 18, 2019, and the Pennsylvania Supreme Court denied allowance of appeal on July 31, 2019. As such, his judgment of sentence became final on October 29, 2019 — 90 days after the Supreme Court denied review. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13(1) (requiring the filing of a petition for writ of *certiorari* within 90 days of entry of judgment). He then would have had generally one year — or until October 29, 2020 — to file a timely PCRA petition.

While Appellant asserts he filed a timely PCRA petition on November 5, 2018, his argument fails for two reasons. ***See*** Appellant's PCRA Petition, 5/6/22, at 2, 4. First, his prior *nunc pro tunc* direct appeal at Trial Docket 1125 was still under review when he filed the November 5th *pro se* petition. Thus, the PCRA court had no jurisdiction to contemplate a petition filed at that docket. ***See Commonwealth v. Smith***, 244 A.3d 13, 16-17 (Pa. Super.

- 10 -

2020) ("If a [PCRA] petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted.") (citation omitted). Second, his November 5th *pro se* petition only referenced Trial Docket **1127**. *See* Appellant's *Pro Se* PCRA Petition, 11/5/18, at 1. It was not until Appellant filed the counseled "amended" petition on May 6, 2022 — approximately two and a half years after his judgment of sentence became final — that he referenced Trial Docket **1125**. *See* Appellant's PCRA Petition, 5/6/22, at 1. Thus, the "amended" petition was actually the first petition he filed at this docket, and it was untimely. *See* 42 Pa.C.S. § 9545(b)(1). As such, the PCRA court correctly determined it was also without jurisdiction to review his petition at this docket. *See Ballance*, 203 A.3d at 1031; PCRA Ct. Op., 2/1/23, at 5-7.

Moreover, we note that even if Appellant had filed a timely PCRA at either docket, he would not be entitled to relief. Each of his claims asserts the PCRA court erred in dismissing his petition without an evidentiary hearing. *See* Appellant's Brief at 18, 26. The decision to hold an evidentiary hearing is within the discretion of the PCRA court and will not be reversed absent an abuse of that discretion. *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

> It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." [T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must

- 11 -

show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."

***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019) (citations omitted).

Though he purports to present three claims on appeal, all three issues merely assert the PCRA court erred in dismissing his petition without an evidentiary hearing. ***See*** Appellant's Brief at 18-26. He argues his ineffectiveness claim established issues of material fact and had merit because counsel failed to file a post-sentence motion challenging his sentence, there was no reasonable basis to do so, and as a result, he was prejudiced. ***See id.*** at 25-26.

The PCRA court concluded, and we agree, that Appellant did not present meritorious claims. ***See*** PCRA Ct. Op. at 5. While trial counsel did not file a post-sentence motion at Docket 1127,[11] Appellant failed to demonstrate "he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***See Maddrey***, 205 A.3d at 328 (citations omitted). The basis of his purported post-sentence motion would have been that the court failed to place "sufficient" reasons on the record before imposing his sentence, which was above the aggravated range. ***See*** Appellant's Brief at 25-26.

---

[11] As we explained ***supra***, trial counsel **did** file a post-sentence motion seeking reconsideration of Appellant's sentence at Trial Docket 1125. ***See*** Appellant's Motion of Reconsideration of Sentence, 6/27/14, at 1-2 (unpaginated). This does not impact our review.

However, our review reveals the trial court **did** explicitly state the "aggravating factors" it found on the record at the sentencing hearing. *See* N.T., 6/19/14, at 35 (trial court stating "[t]he aggravating factors are as follows: The shooting. . . was an open-fire shooting in a residential neighborhood with people on the street. There is testimony that there were children outside. There is further testimony . . . that there is a school nearby. There were people on the street, a residential neighborhood. [Also,] bullets did make contact. People were injured from this shooting."). Thus, Appellant did not establish the court abused its discretion in denying Appellant a hearing before dismissing his petition.

In conclusion, because Appellant's petition is facially untimely and he did not plead and prove any exception to the PCRA's time-bar, no relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2023

- 13 -