J-S48016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                   :              PENNSYLVANIA
                                                   :
                 v.                                    :
                                                   :
JASON MCMASTER                         :
                                                   :
                  Appellant            :     No. 1758 EDA 2024

Appeal from the PCRA Order Entered May 28, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1202641-2003

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:               **FILED FEBRUARY 19, 2025**

Appellant Jason McMaster appeals *pro se* from the order dismissing his third Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that he met the newly discovered fact exception to the PCRA time bar. We affirm.

The PCRA court summarized the facts and procedural history of this matter as follows:

> [Appellant] was arrested and subsequently charged in connection with the 2003 fatal stabbing of twenty-year-old Joseph Briglia in a Philadelphia bar. On September 24, 2004, following a non-jury trial . . . [Appellant] was convicted of first-degree murder and possession of an instrument of crime. On the same date, the trial court sentenced [Appellant] to life imprisonment for the murder conviction and a lesser concurrent term of incarceration for the remaining conviction. On September 11, 2006, following a direct appeal, the Superior Court affirmed the judgment of sentence.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[***Commonwealth v. McMaster***, 2683 EDA 2004 (Pa. Super. filed Sept. 11, 2006) (unpublished mem.).] The Pennsylvania Supreme Court denied *allocatur* on March 27, 2007. [***Commonwealth v. McMaster***, 920 A.2d 832 (Pa. 2007).]

On October 31, 2007, [Appellant] filed his first *pro se* PCRA petition. [Therein, Appellant alleged that his trial counsel had been ineffective because he failed to interview two potential witnesses, Thomas Esposito and Sylvia Ricchezza, and failed to call Mr. Esposito as a witness at trial.] Counsel was appointed and subsequently filed an amended petition alleging that trial counsel had been ineffective [for failing to call a different witness, Kenneth Blanda, at trial]. After conducting an evidentiary hearing, the PCRA court denied relief on December 15, 2014. On February 3, 2016, the Superior Court affirmed the PCRA court's denial of post-conviction relief. [***Commonwealth v. McMaster***, 156 EDA 2015, 2016 WL 418161 (Pa. Super. filed Feb. 3, 2016) (unpublished mem.).]

On September 26, 2016, [Appellant] filed [his second] *pro se* PCRA petition, . . . On October 19, 2017, the PCRA court dismissed [Appellant's] PCRA petition as untimely.

PCRA Ct. Op., 3/26/18, at 1-2 (footnotes omitted).

Subsequently, this Court affirmed the dismissal of Appellant's second PCRA petition. ***See Commonwealth v. McMaster***, 3800 EDA 2017, 2019 WL 2005736 (Pa. Super. filed May 7, 2019) (unpublished mem.).

Appellant filed the instant PCRA petition, his third overall, on September 13, 2023. Therein, Appellant argued that the petition was timely under the newly discovered fact exception to the PCRA's time bar. Appellant's *Pro Se* PCRA Pet., 9/13/23, at 5-6. The PCRA court issued a Pa.R.Crim.P. 907 notice indicating that the PCRA court intended to dismiss the petition as untimely. ***See*** Pa.R.Crim.P. 907 Notice, 4/30/24, at 1 (unpaginated). The PCRA court

entered an order and opinion dismissing Appellant's petition as untimely on May 28, 2024.

Appellant subsequently filed a timely *pro se* notice of appeal. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). The PCRA court did not issue a separate Rule 1925(a) opinion.

On appeal, Appellant presents the following issue:

> Did the PCRA court abuse its discretion where it dismissed Appellant's [newly] discovered evidence claim without a hearing?

Appellant's Brief at 6 (some formatting altered).

Appellant asserts that he received affidavits from Mr. Esposito and Ms. Ricchezza on July 21, 2023. *Id.* at 13, 17. Appellant argues that he timely filed the instant PCRA petition within one year of obtaining those affidavits. *Id.* at 17. Appellant contends that he could not have discovered these facts earlier through the exercise of due diligence because he could not locate Mr. Esposito and Ms. Ricchezza and his previous counsel did not contact these witnesses even though Appellant instructed them to search for them. *Id.* at 14, 17-18.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered). We may affirm the PCRA court on any valid grounds.

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented.  **See** 42 Pa.C.S. § 9545(b)(2).[2]  It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence."  **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted).  It is well-established that "the focus of this exception is on the newly discovered facts, **not on a newly discovered or newly willing source for previously known facts**." **Commonwealth v. Lopez**, 249 A.3d 993, 999 (Pa. 2021) (citation and quotation marks omitted and emphasis in original); **see also Brown**, 111 A.3d at 176 (same).

Under the PCRA, Appellant's judgment of sentence became final on June 25, 2007, ninety days after the Pennsylvania Supreme Court denied allowance

---

[2] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a PCRA petition from sixty days to one year from the date the claim could have been presented.  **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915) (eff. Dec. 24, 2018).  The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

of appeal and the time to pursue a writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13(1). Accordingly, Appellant needed to file his PCRA petition within one year of this date, *i.e.*, before June 25, 2008. **See** 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant's instant PCRA petition, which was filed on September 13, 2023, is facially untimely. **See** 42 Pa.C.S. § 9545(b)(1).

In concluding that Appellant failed to establish a timeliness exception, the PCRA court explained:

> [Appellant] attempts to establish the newly discovered fact exception, 42 Pa.C.S[] § 9545 (b)(1)(ii), based upon the alleged newly discovered fact that he did not intend to kill the victim of the murder that he was convicted for. **See** [Appellant's *Pro Se* PCRA Pet., 9/13/23, at] 4, 7 (stating that "[Appellant's] intent was not to kill/cause the death of Mr. Briglia."). Specifically, [Appellant] asserts that he "stumbled, due to his intoxication, and accidentally struck Mr. Briglia with the knife[.]" **Id.** at 7. The evidence offered in support of this alleged fact consists of two affidavits from purported witnesses to the stabbing wherein the affiants each assert that they witnessed [Appellant] attempting to render first aid to the victim on the night of the stabbing. [Appellant] claims to have discovered the alleged fact at issue on July 21, 2023, when he received the affidavits from the purported witnesses.
>
> At the outset, this court finds that [Appellant] has failed to substantiate the alleged fact underlying his time bar claim. Instantly, contrary to [Appellant's] assertion, the statements provided by the purported witnesses, even if true, do not provide any information indicating that [Appellant] did not intend to kill Joseph Briglia. The information provided in the affidavits, if true, merely indicates that [Appellant] attempted to provide first aid to the victim at some point after the stabbing occurred, not that the stabbing was not intentional. Indeed, neither of the affiants even claim to have witnessed the stabbing and their statements do not provide any support for [Appellant's] assertion that he stumbled and accidentally stabbed the victim to death. Thus, [Appellant]

- 6 -

has failed to substantiate the alleged fact at issue and his failure to do so is fatal to his time bar claim.

Furthermore, [Appellant's] time bar claim also fails because he has failed to establish that the alleged fact that he did not intend to kill the victim of the murder he was convicted for was previously unknown to him. . . . The alleged fact that [Appellant] did not intend to kill the victim, if true, would have been known to [Appellant] at the time of the altercation in question. [Appellant] has failed to explain how his own mental state during an event that occurred nearly two decades ago could have been previously unknown to him when he filed the instant petition in 2023 and his failure to do so is fatal to his time bar claim.

Accordingly, this court finds that [Appellant] has failed to plead and prove any exception to the PCRA's timeliness requirement, and, therefore, the order dismissing his petition should be affirmed.

PCRA Ct. Order & Op., 5/28/24, at 1-3 (unpaginated) (footnotes and some citations omitted, and some formatting altered).

Following our review of the record, we discern no error of law in the PCRA court's conclusions, which are supported by the record. *See Sandusky*, 203 A.3d at 1043. We agree with the PCRA court's conclusion that Appellant's state of mind does not meet the newly discovered fact exception because Appellant's state of mind was known to him at the time of the stabbing. As stated above, the focus of the newly discovered fact exception is on new facts, not on a newly discovered source for previously known facts. *See Lopez*, 249 A.3d at 999.

Further, Appellant asserts that he could not have obtained the information from Mr. Esposito and Ms. Ricchezza earlier with the exercise of due diligence. *See* Appellant's Brief at 14-15, 17-18. As stated above, the

record reflects that in his first *pro se* PCRA petition, Appellant argued that his trial counsel should have called Mr. Esposito and Ms. Ricchezza as witnesses. *See* Appellant's *Pro Se* PCRA Pet., 10/31/07, at 3, 6; Ex. B (Mr. Esposito's affidavit). Therefore, even if Appellant was not seeking to present the testimony of Mr. Esposito and Ms. Ricchezza to demonstrate his state of mind at the time of the stabbing, their testimony would not satisfy the newly discovered facts exception because Appellant knew about both of these potential witnesses more than fifteen years before he filed the instant petition. *See* 42 Pa.C.S § 9545(b)(2).

For these reasons, we discern no error of law in the PCRA court's conclusions that Appellant has failed to overcome the PCRA's jurisdictional time bar, and we affirm the PCRA court's order dismissing Appellant's PCRA petition as untimely. *See Sandusky*, 203 A.3d at 1043; *see also Ballance*, 203 A.3d at 1031.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/19/2025