J-S39037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BLAINE VINCENT JACKSON | : | |
| | : | |
| Appellant | : | No. 448 WDA 2024 |

Appeal from the PCRA Order Entered April 2, 2024
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001977-2017

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                 **FILED: FEBRUARY 27, 2025**

Appellant Blaine Vincent Jackson appeals from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that he satisfied the newly discovered fact exception to the PCRA time bar. We affirm.

The underlying facts of this matter are well known to the parties. Briefly, Appellant pled guilty to corrupt organizations and multiple related offenses on April 23, 2018. That same day, the trial court sentenced Appellant to an aggregate term of nine to eighteen years' incarceration. Appellant did not file post-sentence motions or a direct appeal. On May 21, 2018, Appellant filed his timely first PCRA petition, which the trial court ultimately dismissed at Appellant's request.

---

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant filed the instant *pro se* PCRA petition on June 10, 2021. The PCRA court subsequently appointed counsel, who filed an amended petition on Appellant's behalf.[2] Following a hearing, the PCRA court issued an order denying Appellant's petition and concluding that it was untimely.

Appellant subsequently filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. However, the PCRA court drafted a Pa.R.A.P. 1925(a) opinion adopting and incorporating its prior order and notice of intent to dismiss, which provided its rationale for dismissing Appellant's PCRA petition as untimely. **See** PCRA Ct. Rule 1925(a) Op., 6/30/24.

On appeal, Appellant presents the following issue: "Whether the [PCRA] court erred in finding that [] Appellant's second PCRA petition was not timely filed?" Appellant's Brief at 4 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error . . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

---

[2] We note that the PCRA court initially denied Appellant's petition in 2022. On appeal, this Court remanded for the PCRA court to determine whether Appellant was entitled to court-appointed counsel. **See** Order (851 WDA 2022), 9/15/22. On remand, the PCRA court appointed PCRA counsel, who filed an amended petition on Appellant's behalf.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. ***Id.*** A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. ***Id***; ***see also Commonwealth v. Keener***, 1165 WDA 2021, 2022 WL 20401872 at *4 (Pa. Super. filed June 30, 2022) (unpublished mem.), *appeal denied*, 288 A.3d 489 (Pa. 2022) (stating that although there is no longer a "public record presumption" pursuant to which courts may find that information available to the public is not a fact that was

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a PCRA petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915) (eff. Dec. 24, 2018). The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

previously "unknown" to the petitioner, the petitioner is still obligated to exercise due diligence to discover facts upon which the claim is predicated). Further, the newly discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered evidence claim. **Commonwealth v. Small**, 238 A.3d 1267, 1286 (Pa. 2020).

Here, Appellant's judgment became final on May 23, 2018 when the time to file a direct appeal expired. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Therefore, Appellant's instant PCRA petition, which was filed on June 10, 2021, is facially untimely. **See** 42 Pa.C.S. § 9545(b)(1).

In his brief, Appellant attempts to invoke the newly discovered fact exception to the PCRA time bar set forth at Section 9545(b)(1)(ii). **See** Appellant's Brief at 9. Specifically, Appellant claims that his co-defendant, Jabu Robinson, provided him with "information that the Commonwealth made a number of material misrepresentations to the Grand Jury to secure an indictment and eventual conviction of [] Appellant" in 2021. **Id.** at 6. Appellant asserts that "[u]pon being made aware of this information, the Appellant promptly filed his second PCRA Petition." **Id.** at 8.

In concluding that Appellant failed to meet the newly discovered fact exception, the PCRA court explained:

> Here, [Appellant] indicates that he received new information of "prosecutorial misrepresentation to the grand jury" from a codefendant in SCI Pine Grove in June of 2021. [Appellant] argues this would make his second PCRA, filed the same month, timely. However, [Appellant] gives no explanation to the court, neither in his petition or by testimony, why he could not have learned this information sooner. In his petition, [Appellant] merely states he

"has learned what he couldn't have previously learned before via reasonable due diligence." [Appellant] does not discuss any steps he had previously taken to receive such information or protect his own interests. . . . Therefore, [Appellant's] claim alleging prosecutorial material misrepresentation to the indicting grand jury is untimely and insufficiently vague and will be dismissed.

Trial Ct. Op., 6/30/22, at 6-7 (some formatting altered).

Following our review of the record, we agree with the PCRA court's conclusion that Appellant's PCRA petition was untimely, and that he has failed to plead and prove an exception to the PCRA time bar. *See Albrecht*, 994 A.2d at 1094. As noted by the PCRA court, Appellant did not demonstrate why he could not have discovered the new facts earlier with the exercise of due diligence. *See Brown*, 111 A.3d at 176; *Keener*, 2022 WL 20401872, at \*4. Therefore, this Court has no jurisdiction to address the merits of Appellant's claims. *See Ballance*, 203 A.3d at 1031. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/27/2025

- 6 -