J-S24009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD BONE | : | |
| | : | |
| Appellant | : | No. 245 WDA 2025 |

Appeal from the PCRA Order Entered June 25, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002091-2013

BEFORE: NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:               **FILED: September 19, 2025**

Appellant Richard Bone appeals from the order denying his second Post Conviction Relief Act[1] (PCRA) petition as untimely. On appeal, Appellant claims that the PCRA court erred by dismissing his petition as untimely, failing to appoint counsel or a medical expert for his second PCRA petition, and violating his due process rights. After review, we affirm.

By way of background, Appellant was found guilty of involuntary deviate sexual intercourse, unlawful contact with a minor, aggravated indecent assault, statutory sexual assault, endangering the welfare of a child, corruption of minors, and two counts of indecent assault of a child under the age of 16[2] following a jury trial in 2013. On November 26, 2013, the trial

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3123(a)(7), 6318(a)(1), 3125(a)(8), 3122.1, 4304, 6301(a)(1), & 3126(a)(8), respectively.

court sentenced Appellant to an aggregate sentence of ten to twenty years' incarceration. Appellant did not file a direct appeal.

In 2020, Appellant filed his first PCRA petition, which the PCRA court ultimately dismissed on July 19, 2021. Appellant filed an appeal, and this Court affirmed the PCRA court's ruling on August 12, 2022. **See Commonwealth v. Bone**, No. 986 WDA 2021, 2022 WL 3331025 (Pa. Super. filed Aug. 12, 2022) (unpublished mem.).

On April 12, 2024, Appellant filed the instant PCRA petition, his second. The PCRA court dismissed Appellant's second PCRA petition as untimely on June 25, 2024. On November 18, 2024, Appellant filed a motion to reinstate his appellate rights *nunc pro tunc* in which he argued that he mailed a timely notice of appeal to the PCRA court on July 23, 2024.[3] **See** Mot. to Reinstate Appellate Rights, 11/18/24. Appellant attached the notice of appeal that he allegedly mailed along with a postage slip bearing a date of July 23, 2024. **See id.** The PCRA court granted Appellant's motion on November 20, 2024, ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and ordered the Allegheny Department of Court Records to docket Appellant's notice of

_____

[3] We note that a subsequent request to reinstate PCRA appeal rights *nunc pro tunc* is to be treated as a separate PCRA petition. **See Commonwealth v. Feliciano**, 499 EDA 2024, 2024 WL 4524651, at *2 n.4 (Pa. Super. filed Oct. 18, 2024) (unpublished mem.). **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

appeal.[4]  **See** Rule 1925(b) Order, 11/20/24.  Appellant filed a Rule 1925(b) statement on December 4, 2024, before a notice of appeal was filed.  Ultimately, Appellant's notice of appeal was not docketed until March 3, 2025.[5]  The PCRA court filed its Rule 1925(a) opinion that same day.

Appellant raises the following issues for our review:

1. The PCRA court erred in finding the PCRA petition was time barred without exception under the PCRA.

2. The PCRA court erred when it failed to appoint counsel, or a medical expert in the interests of justice to assist [Appellant] in establishing his innocence.

3. The PCRA court erred when it violated [Appellant's] due process rights when he (a) informed the [PCRA c]ourt, and offered evidence that he is innocent, and (b) that he has

_____

[4] Where a PCRA court reinstates appellate rights *nunc pro tunc*, it shall order Appellant to file a notice of appeal within 30 days of the order granting the reinstatement.  **Accord Commonwealth v. Wright**, 846 A.2d 730, 735 (Pa. Super. 2004) (stating such in the context of the reinstatement of direct appeal rights).

[5] As docketed, Appellant's notice of appeal is clearly untimely.  **See** Pa.R.A.P. 903(a) (stating that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").  According to the PCRA court, this untimeliness is due to the clerk of court's failure to "record a properly and timely mailed Notice of Appeal."  PCRA Ct. Op., 3/3/25, at 3.  However, that error resulted from the PCRA court's errant handling of Appellant's motion to reinstate his appellate rights as the PCRA court directed the Allegheny Department of Court Records to docket Appellant's notice of appeal rather than advising Appellant that he needed to file a notice of appeal within 30 days of the order granting reinstatement.  **See Wright**, 846 A.2d at 735.  Since the order reinstating his appellate rights *nunc pro tunc* failed to advise Appellant that he needed to file a notice of appeal within 30 days of the PCRA court's order, we do not fault Appellant and decline to quash the appeal.  **See id.** (declining to quash an appeal where the trial court's order reinstating direct appeal rights *nunc pro tunc* failed to notify the defendant that he had to file a notice of appeal within 30 days of the order).

suffered a fundamental miscarriage of justice, when his federal and state constitutional right to a direct appeal were violated because of when the trial court did not direct the public defender's office to take up his case when trial counsel requested it to do so in his post-sentence motion.

Appellant's Brief at viii (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the

conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

"It is well settled in Pennsylvania that the focus of the exception found at § 9545(b)(1)(ii) is on newly discovered facts, not on newly discovered or newly willing sources that corroborate previously known facts or previously raised claims." *Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020) (*en banc*) (some formatting altered). The plain language of the PCRA requires that the newly discovered facts were "unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that "the petitioner take reasonable steps to protect his own interests." *Id.* (citation omitted). A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *Id.*

Here, Appellant's judgment of sentence became final on January 6, 2014, thirty days after the trial court denied his post-sentence motion.[6,7]

---

[6] The thirtieth day after the denial of Appellant's post-sentence motions fell on Sunday, January 5, 2014. Since that day was a weekend, Appellant had until the following business day to file a notice of appeal. *See* 1 Pa.C.S. § 1908. When he failed to do so, his judgment of sentence became final. *See Jones*, 54 A.3d at 16-17.

[7] In its order from December 6, 2013, the trial court states that "the balance of [Appellant's] post-sentence motion is denied by [a] separate order." *See*
*(Footnote Continued Next Page)*

Accordingly, Appellant had one year, until January 6, 2015, to file a timely PCRA petition. Because Appellant filed the instant PCRA petition more than nine years later, it is facially untimely. Therefore, Appellant was required to plead and prove one of the timeliness exceptions outlined in 42 Pa.C.S. § 9545(b)(1). *See Jones*, 54 A.3d at 16; *Albrecht*, 994 A.2d at 1094.

In his brief, Appellant argues that he met the newly discovered fact exception to the PCRA's time bar. *See* Appellant's Brief at 34-35. Specifically, Appellant explains that in October 2023 he saw an advertisement for Peyronie's disease, which is a disorder that causes a deformity of the penis. *Id.* at 34-35, 39. Appellant contends that the advertisement led him to conduct further research of the condition in November 2023, which led him to conclude that he had the disease based upon his "abnormally crooked" penis. *Id.* at 35, 38-39. Appellant argues that he was unable to discover that his penis was unusual compared to other men's penises through due diligence

_____

Trial Ct. Order, 12/6/13. However, the certified record on appeal does not contain this separate order. We concluded that the trial court's order was sufficient to result in the denial of Appellant's post-sentence motion.

However, even if the order was not sufficient, Appellant's post-sentence motion would have been denied by operation of law on April 4, 2014, 120 days after Appellant filed his post-sentence motion. *See* Pa.R.Crim.P. 720(B)(3)(a). Accordingly, if we were to rely on that date for the denial of Appellant's post-sentence motion, Appellant's judgment of sentence would have been final on May 5, 2014. *See* 1 Pa.C.S. § 1908; *Jones*, 54 A.3d at 16-17. In that scenario, Appellant would have had until May 5, 2015 to file a timely PCRA petition. *See Jones*, 54 A.3d at 16-17. Utilizing either the January 6th or May 5th date, Appellant's instant PCRA petition is facially untimely.

because he is an immigrant who never took sex education classes and was "raised without the obsession of surfing the internet and delving into endless porn," both of which would have allowed him to understand that his penis was abnormally shaped compared to other penises. *Id.* at 47.

The PCRA court addressed Appellant's argument as follows:

Appellant alleges [the newly discovered fact exception] applies to him. Appellant is incorrect. Appellant has not established new facts by alleging that he discovered he has Peyronie's disease in November [of 2023]. He alleged that he self-diagnosed his condition after seeing a commercial on television advertising a treatment option for the condition. This court need not address the substance of this allegation. Before Appellant had a name for his "condition," he would have had a collection of symptoms of which he would have been aware. The commercial would have given him a name for what he has, but not a new fact as required under [the newly discovered fact exception]. In addition, Appellant has not indicated when he contracted his condition and, if he had it at trial, why he failed to disclose the condition to counsel. As such, his petition is untimely without [an] exception.

PCRA Ct. Op, 3/3/25, at 5 (some formatting altered).

After review, we discern no error in the PCRA court's conclusion. *See Sandusky*, 203 A.3d at 1043. Appellant concedes that he has "always had Peyronie's disease for as long as he can remember having an erection." Appellant's Brief at 48. Therefore, Appellant has known of his penile abnormality for an extended period and his uncovering of a name or diagnosis for the condition is a newly discovered source of previously known facts. *See Maxwell*, 232 A.3d at 745.

As to Appellant's argument that, until his discovery of the existence of the condition itself, he did not know that his penis was abnormally curved

compared to other penises, Appellant cannot adequately explain why he could not have learned this earlier through the exercise of due diligence. **See Brown**, 111 A.3d at 176. As Appellant states, "Peyronie's disease has been known in the world for over 240 years." Appellant's Brief at 39 (citing **Nunez v. American Home Products Corp.**, 582 F.Supp. 459, 460 (D.P.R. 1984)). Appellant's argument that he could not have discovered he had a disease that has been known for over 200 years because he did not have sex education classes or watch pornography is unavailing. Appellant concedes he has suffered from symptoms of Peyronie's disease for as long as he remembers but fails to explain why he never raised these symptoms with a medical professional, who certainly could have diagnosed him earlier, and, therefore, alerted him to his penile abnormality as compared to other penises.[8] Accordingly, Appellant has failed to satisfy the newly discovered fact exception to the PCRA time bar. **See Brown**, 111 A.3d at 176. Since his petition is untimely and no timeliness exception applies, we do not have jurisdiction to address Appellant's underlying claims. **See Cox**, 146 A.3d at 227. Accordingly, we affirm the order denying Appellant's second PCRA petition as untimely.

---

[8] Appellant does claim that the PCRA court should have appointed a medical expert to examine him. **See** Appellant's Brief at 45-46, 48-49. However, he still fails to explain why, through the exercise of due diligence, he was unable to obtain a medical examination uncovering a disease known to the medical community for over 200 years that he has had symptoms of as long as he can remember.

Order affirmed. Jurisdiction relinquished.

Judge Lane joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/19/2025