J-S33026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LATIEF S. YOUNG | : | |
| | : | |
| Appellant | : | No. 3201 EDA 2024 |

Appeal from the PCRA Order Entered October 17, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012238-2012

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 3, 2025**

Appellant Latief S. Young appeals from the order denying his Post Conviction Relief Act [1] (PCRA) petition. On appeal, Appellant argues that the PCRA court erred in dismissing his petition without a hearing. We affirm.

The underlying facts of this matter are well known to the parties. ***See*** PCRA Ct. Op., 1/8/24, at 1-4. Briefly, Appellant was convicted of aggravated indecent assault and related offenses in 2014. The PCRA court set forth the relevant procedural history as follows:

> On September 24, 2012, Police arrested Appellant, Latief Young, and charged him with aggravated indecent assault, unlawful contact with a minor, corrupting the morals of a minor, indecent assault with a minor under 13, simple assault, and recklessly endangering another person. Appellant waived his right to a jury, and a bench trial was held on January 2, 2014. The court, after hearing evidence presented, found Appellant guilty of [aggravated

_____

[1] 42 Pa.C.S. §§ 9541-9546.

indecent assault] and [corruption of minors] and not guilty for all other counts. [] Appellant was sentenced to the minimum mandatory sentence of ten to twenty years of incarceration on May 28, 2014.

Appellant filed a timely appeal of the Court's decision on May 29, 2014. The Superior Court affirmed the convictions but ordered re-sentencing. [In 2016, the trial court resentenced Appellant to an aggregate term of seven to twenty years' incarceration followed by five years of probation. Appellant did not appeal following his resentencing.]

On March 2, 2016, Appellant filed his initial [PCRA] petition. The court dismissed the PCRA on October 11, 2018. On November 5, 2018, Appellant filed a notice of Appeal to the Superior Court. The Superior Court affirmed this dismissal.

On August 2, 2023, Appellant filed a subsequent PCRA petition, *pro se*. On February 8, 2024, the court filed a 907 notice letter informing Appellant that his claims are untimely and would be dismissed at the next listing. On March 13, 2024, Appellant improperly filed a notice of appeal of the 907 notice letter. On September 3, 2024, Appellant filed a praecipe for discontinuance with the Superior Court and the case was returned to the trial court.

On October 17, 2024, the Court entered an order dismissing the subsequent PCRA. On October 29, Appellant filed a notice of appeal to the Superior Court. The court ordered Appellant to file a Concise Statement of Matters Complained on Appeal pursuant to Pa.R.A.P. 1925(b) on December 11, 2024. As of the date of this opinion, Appellant has failed to file his Statement of Matters Complained on Appeal pursuant to Pa.R.A.P. 1925(b). Further, no extension of time to file the statement has been requested.

PCRA Ct. Op. at 1-3 (some formatting altered).

On appeal, Appellant raises the following claims:

1. Did the [PCRA c]ourt err in denying post conviction relief to [] Appellant?

2. Did the [PCRA c]ourt err in denying relief in violation of the *McClelland* standard?

3. Did the [PCRA c]ourt err in denying relief where [Trial] Counsel and Appellant Counsel were ineffective in all matters?

4. Did the [PCRA c]ourt err in failing to address the **Brad**[**y**] violations in the instant matter?

5. Did the [PCRA c]ourt err in light of the prosecutorial misconduct in the instant case?

6. Did the [PCRA c]ourt err when it failed to address the fraud upon the court in the instant case?

Appellant's Brief at 4 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014); **see also Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012)

(citation and footnote omitted).  A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review.  *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented.  *See* 42 Pa.C.S. § 9545(b)(2).[2]  It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies."

---

[2] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented.  *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.  The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

*Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Here, the PCRA court concluded that Appellant waived his claims by failing to file a timely Rule 1925(b) statement. Additionally, the PCRA court explained:

> Appellant filed the instant PCRA petition on August 2, 2023, despite his sentence becoming final on September 2, 2016. Thus, this subsequent PCRA petition was filed nearly seven years too late for it to be considered timely. Further, Petitioner failed to even acknowledge that his PCRA is untimely, thus he failed to prove that any time-bar exception would be applicable, as required by law. 42 Pa.C.S. § 9545(b)(1). Based on this failure, the trial court was compelled to dismiss the PCRA petition as it lacks jurisdiction to consider any of the requested relief. *Commonwealth v. Lee*, 206 A.3d 1, 6 (Pa. Super. 2019).

PCRA Ct. Op. at 7.

Our review of the record confirms that Appellant's instant petition is facially untimely, as it was filed more than seven years after his sentence became final in 2016. *See* 42 Pa.C.S. § 9545(b)(1). Further, as noted by the PCRA court, Appellant failed to raise any exception to the PCRA time bar. *See* PCRA Ct. Op. at 7. Therefore, we conclude that Appellant's petition is untimely and that the PCRA court properly denied relief. *See Albrecht*, 994 A.2d at 1094; *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/3/2025